# EXHIBIT

# "C"

## NOTICE OF CLASS ACTION

**TO:**    Former employees of Defendants Kitty Hawk Cargo, Inc., Kitty Hawk, Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc. who worked at or reported to one of Defendants' Facilities and who were terminated without cause on or about October 29, 2007, were terminated without cause within 30 days of October 29, 2007, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about October 29, 2007.

**SUBJECT:**    The right to participate in a lawsuit to recover 60 days' wages and ERISA benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

**DATE:** March ___, 2008

### The Nature of the Action

Michael Updike (the "Plaintiff"), a former employee of Defendant, has filed a lawsuit under the WARN Act in the United States Bankruptcy Court for the Northern District of Texas against Defendant for the recovery of 60 days' wages and ERISA benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member. The name and case number of the lawsuit is Michael Updike, on Behalf of Himself and All Others Similarly Situated, Plaintiff, vs. Kitty Hawk Cargo, Inc., Kitty Hawk, Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc., Defendants, U.S. Bankr. Ct. for the Northern Dist. of Tex., Adversary Proceeding No. 07-04179 (RFN) (the "Action").

The Plaintiff, who is a former employee of Defendants, claims that under the WARN Act, he and other former employees were terminated on October 29, 2007 or sixty days thereafter, from Defendants' facilities, including, but not limited to, 12602 Global Drive, Yoder, Indiana (the "Yoder Facility"); and 1515 West 20th Street, DFW International Airport, Texas (the "DFW Facility") (collectively, the "Facilities"). The Plaintiff claims that Defendants were subject to the WARN Act, that Defendants carried out plant closings or mass layoffs at the Facilities and that the members of the class were entitled to receive from Defendants 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to 60 days' wages and benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.

### The Issues and Defenses

Defendants deny the material allegations of the Complaint and also assert several defenses for not giving the employees 60 days' notice of the terminations, and thereby oppose the Plaintiff's claims.

If the Action is successful, Class Members will be entitled to an allowed claim in the bankruptcy for their unpaid wages and ERISA benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each day that they did not receive written notice of their impending termination, up to a maximum of 60 days. Under the Bankruptcy Code, up to $10,950 of any such allowed claim less any amounts paid during the bankruptcy by the Debtors for pre-petition wages or benefits (vacation, severance and sick leave pay), will be assigned a higher priority than and will be paid ahead of, general unsecured claims. The balance of such allowed claim will be a general unsecured claim.

### The Definition of the Class

The Court has recently certified this case as a class action. The Class is defined as: Persons who worked at or reported to one of the Defendants' Facilities and were terminated without cause on or about October 29, 2007, were terminated without cause within 30 days of October 29, 2007, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about October 29, 2007, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class.

### Class Counsel and Class Representative

The Plaintiffs are represented by Outten & Golden, L.L.P., 3 Park Avenue, 29th Floor, New York, NY 10016, (212) 245-1000, and Forshey & Prostok, L.L.P., 777 Main Street, Suite 1290, Fort Worth, TX 76102, (817) 877-8855. These firms have recently been appointed Class Counsel by the Court.

The Court has also recently appointed Plaintiff Michael Updike as Class Representative.

## What to Do

If you wish to be a member of the class, you do not need to do anything and you will receive whatever benefits you, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the Class. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.

If you do not wish to participate in this Action, and wish to be excluded and, thereby, reserve your rights under the WARN Act and not share in any recovery in the Action, check the box in the form below, and sign and mail that form by certified mail, return receipt requested, to Outten & Golden, L.L.P., 3 Park Avenue, 29th Floor, New York, NY 10016, Attn: Jenny Hoxha. The form must be received by Ms. Hoxha by no later than _____, 2008. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court has also taken no position regarding the merits of Plaintiff's claims or Defendants' defenses. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden, L.L.P. at (212) 245-1000.

-------------------------------------------------------------------------------------------------------------------

### UPDIKE v. KITTY HAWK, INC., et al.

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

☐  I do **not** want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.


_____          _____
Signature                                      Address


_____          _____
Name (printed or typed)                        Telephone


_____
Date

3