U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 22, 2008**                                                                 **United States Bankruptcy Judge**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| In re:<br><br>KITTY HAWK, INC., et al.,<br><br>        Debtors.<br><br>MICHAEL UPDIKE and DORBIN SANTOS on behalf of Themselves and all others similarly situated,<br><br>        Plaintiffs.<br>v.<br><br>KITTY HAWK CARGO, INC., KITTY HAWK, INC., KITTY HAWK GROUND, INC., and KITTY HAWK AIRCARGO, INC.,<br><br>        Defendants. | Case No. 07-44536 (RFN)<br>Chapter 11<br><br>Adversary Proceeding<br>No. 07-04179 (RFN) |

## ORDER GRANTING
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

**AND NOW,** upon consideration of the Plaintiffs' Motion for Class Certification and

Other Relief, the exhibits attached thereto, including the proposed Notice of Class Action submitted by counsel, and the response and reply thereto, and by consent of the parties, it is hereby

ORDERED AND DECREED that the Plaintiffs' Motion is GRANTED; and it is

FURTHER ORDERED that a class is certified, comprised of the Plaintiffs and the other former non-union employees of Defendants (i) who worked at or reported to one of the Defendants' Facilities constituting a "single site of employment" as defined by the WARN Act, and where a mass layoff or plant closing, as defined by the WARN Act, was ordered by Defendants on or about October 29, 2007, and who were, as the result of such mass layoff or plant closing, terminated without cause within 30 days of October 29, 2007, or as the reasonably foreseeable consequence of such mass layoff or plant closing; and (ii) who have not filed a timely request to opt-out of the class; and it is

FURTHER ORDERED that the Class described above meets the requirements of Fed. R. Civ. P. 23; and it is

FURTHER ORDERED that Outten & Golden, LLP, and Forshey & Prostok, LLP, are appointed class counsel (collectively "Class Counsel"); and it is

FURTHER ORDERED that Plaintiffs Michael Updike and Dorbin Santos are hereby appointed as Class Representatives; and it is

FURTHER ORDERED that the proposed form of Notice of Class Action attached hereto as Exhibit "A" is approved; and it is

FURTHER ORDERED that within ten (10) days after the entry of this order, Defendants shall provide Class Counsel with the names and addresses of the class members as noted in their records; and it is

2

FURTHER ORDERED that within ten (10) days after receipt from the Defendants of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to each employee of Defendants to the last known address of that former employee as noted in the records of the Defendants in an envelope bearing the return address of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016; and it is

FURTHER ORDERED that within ten (10) days after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice including a list of all former employees to whom the Notice was mailed; and it is

FURTHER ORDERED that Class members shall have thirty-five (35) days from the date of mailing of the Notice to return the opt-out form, if they choose to exclude themselves from the Class; and it is

FURTHER ORDERED that within ten (10) days after the last date on which a Class member may timely opt-out, Class Counsel shall serve and file a sworn statement listing the names of any persons who have timely opted out of the Class; and it is

FURTHER ORDERED that Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

AND IT IS SO ORDERED.

### # # #  END OF ORDER  # # #

APPROVED AS TO FORM AND SUBSTANCE:


By:/s/ Jeff P. Prostok  
Jeff P. Prostok  
**Forshey & Prostok, LLP**  
777 Main Street, Suite 1290  
Fort Worth, TX 76102  
Telephone:  (817) 877-8855  

  - and –  

Adam T. Klein  
Jack A. Raisner  
René S. Roupinian  
**Outten & Golden LLP**  
3 Park Avenue, 29th Floor  
New York, New York 10016  
Telephone:  (212) 245-1000  

*Attorneys for Plaintiffs and the Putative Class*

By:/s/  Jason Brookner  
Jason Brookner  
**Andrews Kurth LLP**  
1717 Main Street, Suite 3700  
Dallas, Texas 75201  
Telephone:  (214) 659-4457  

- and –  

Anju Uchima  
Paul N. Silverstein  
450 Lexington Ave, 15th Floor  
New York, New York  10017  
Telephone:  (212) 850-2800  

*Attorneys for the Debtors*

L:\JPROSTOK\Kitty Hawk Class Action-Outten #5044\Adv Pleadings 07-04179\Class Certification Order 07.09.08.doc

4

# EXHIBIT "A"

## **NOTICE OF CLASS ACTION**

**TO:** Former non-union employees of Defendants Kitty Hawk Cargo, Inc., Kitty Hawk, Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc.who worked at or reported to one of Defendants' Facilities and who were terminated without cause on or about October 29, 2007, or within 30 days of October 29, 2007, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about October 29, 2007.

**SUBJECT:** The right to participate in a lawsuit to recover 60 days' wages and ERISA benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. and the California WARN Act, Cal Lab Code § 1400 et. seq. ("the WARN Acts").

**DATE:** July ___, 2008

### **The Nature of the Action**

Michael Updike and Dorbin Santos (the "Plaintiffs"), former employees of Defendants, have filed a lawsuit under the WARN Act in the United States Bankruptcy Court for the Northern District of Texas against Defendants for the recovery of 60 days' wages and ERISA benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member. The name and case number of the lawsuit is *Michael Updike and Dorbin Santos, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, vs. Kitty Hawk Cargo, Inc., Kitty Hawk, Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc., Defendants,* U.S. Bankr. Ct. for the Northern Dist. of Tex., Adversary Proceeding No. 07-04179 (RFN) (the "Action").

The Plaintiffs claim that they and other former employees were terminated on October 29, 2007 or sixty days thereafter, from Defendants' facilities, located at 12602 Global Drive, Yoder, Indiana (the "Yoder Facility"); and 1515 West 20th Street, DFW International Airport, Texas (the "DFW Facility") and 3133 West 131st Street, Hawthorne, California (the "Hawthorne Facility") (collectively the "Facilities"). The Plaintiffs claim that Defendants were subject to the WARN Act, that Defendants carried out plant closings or mass layoffs at the Facilities and that the members of the class were entitled to receive from Defendants 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to 60 days' wages and benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.

6

## The Issues and Defenses

Defendants deny the material allegations of the Complaint and also assert several defenses for not giving the employees 60 days' notice of their terminations, and thereby oppose the Plaintiffs' claims. One of the defenses asserted by Defendants is that they did not operate as a "single employer" and therefore the employees of different Kitty Hawk entities at a given location should not be aggregated to determine whether a plant closing or mass layoff, as those terms are defined under the WARN Act, occurred at such location.

If the Action is successful, Class Members will be entitled to an allowed claim in the bankruptcy for their unpaid wages and ERISA benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each day that they did not receive written notice of their impending termination, up to a maximum of 60 days. It is the Plaintiffs' position that, under the Bankruptcy Code, the Class Members' claims, if successful, are entitled to administrative priority status . Defendants deny that such claims would be entitled to administrative priority status.

## The Definition of the Class

The Court has recently certified this case as a class action. The Class is defined as: All non-union persons who worked at or reported to one of the Defendants' Facilities constituting a "single site of employment" as defined by the WARN Act, and where a mass layoff or plant closing, as defined by the WARN Act, was ordered by Defendants on or about October 29, 2007, and who were, as the result of such mass layoff or plant closing, terminated without cause within 30 days of October 29, 2007, or as the reasonably foreseeable consequence of such mass layoff or plant, and who have not filed a timely request to opt-out of the class.

## Class Counsel and Class Representative

The Plaintiffs are represented by Outten & Golden, L.L.P., 3 Park Avenue, 29th Floor, New York, NY 10016, (212) 245-1000, and Forshey & Prostok, L.L.P., 777 Main Street, Suite 1290, Fort Worth, TX 76102, (817) 877-8855. These firms have recently been appointed Class Counsel by the Court.

The Court has also recently appointed Plaintiffs Michael Updike and Dorbin Santos as Class Representatives.

### **What to Do**

**If you wish to be a member of the class, you do not need to do anything and you will receive whatever benefits you, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the Class. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.**

**If you do not wish to participate in this Action, and wish to be excluded and, thereby, reserve your rights under the WARN Act and not share in any recovery in the Action, check the box in the form below, and sign and mail that form by certified mail, return receipt requested, to Outten & Golden, L.L.P., 3 Park Avenue, 29th Floor, New York, NY 10016, Attn:**
**Jenny Hoxha. The form must be received by Ms. Hoxha by no later than _____, 2008. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.**

**The Court has also taken no position regarding the merits of Plaintiff's claims or Defendants' defenses. Please do not call or contact the Court for information.**

**If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden, L.L.P. at (212) 245-1000.**

--------------------------------------------------------------------------------------------------------------------

### UPDIKE et al.,v. KITTY HAWK, INC., et al.

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

___ I do **not** want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.

_____     _____
Signature                                                    Address

_____     _____
Name (printed or typed)                              Telephone

_____
Date

8