# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

In re:

KITTY HAWK, INC. et al.,

        Debtors.

MICHAEL UPDIKE and DORBIN SANTOS on behalf of themselves and all others similarly situated,

        Plaintiffs.

v.

KITTY HAWK CARGO, INC., KITTY HAWK, INC., KITTY HAWK GROUND, INC., and KITTY HAWK AIRCARGO, INC,

        Defendants.

Chapter 11

Bankruptcy No. 07-44536

Adv. Pro. No. 07-04179

**JOINT MOTION FOR (A) AN ORDER (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT RESOLVING WARN ACT CLAIMS; (II) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE PROPOSED SETTLEMENT; AND (III) SCHEDULING A FINAL FAIRNESS HEARING FOR APPROVAL OF THE SETTLEMENT; AND (B) AN ORDER FINALLY APPROVING THE SETTLEMENT INCLUDING CLASS COUNSEL'S <u>REQUEST FOR FEES FOLLOWING THE FAIRNESS HEARING</u>**

Plaintiffs Michael Updike and Dorbin Santos ("Plaintiffs"), Kitty Hawk Cargo, Inc.,

Kitty Hawk, Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc., the Defendants,

the debtors and debtors-in-possession in the above-captioned Chapter 11 proceeding

(collectively "Kitty Hawk," the "Debtors", or "Defendants") and together with the Plaintiffs,

the "Parties"), by and through their respective undersigned counsel, respectfully jointly submit

this Motion (the "Motion") pursuant to 11 U.S.C. § 105(a), Federal Rule of Civil Procedure

23 and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 7023 and 9019 for

(a) an order (i) preliminarily approving the proposed settlement (the "Settlement") described in the Settlement Agreement (the "Agreement") attached hereto as Exhibit 1; (ii) approving the form and manner of notice to the members of the Class, and (iii) scheduling a fairness hearing to consider approval of the Settlement (the "Fairness Hearing"); and (b) for an order finally approving the Settlement Agreement and approving the Class Counsel's request for fees. In support of the Motion, the Parties respectfully represent as follows:

## I. BACKGROUND

1.    On October 15, 2007 the ("Petition Date"), the Debtors filed a petition with this Court for relief under Chapter 11 of the Bankruptcy Code.

2.    On October 19, 2007, the United States Trustee for the Northern District of Texas appointed the Official Unsecured Creditor's Committee.

3.    On October 29, 2007, the Debtors began winding down their business operations and liquidating their assets.

4.    On November 29, 2007, the Plaintiffs, on behalf of themselves and the other similarly situated former employees of the Debtors (the "Class Members"), filed a class action adversary proceeding complaint (the "Complaint") with this Court commencing adversary proceeding number 07-04179 (RFN) against the Debtors (the "Class Action"), styled *Michael Updike and Dorbin Santos on behalf of themselves and all others similarly situated v. Kitty Hawk, Inc. et al*, alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, and the California WARN Act, Cal. Labor Code, § 1400 *et seq.* (collectively "the WARN Acts").

5.    In the Class Action, the Plaintiffs seek to recover sixty (60) days pay and ERISA benefits for themselves and each of the Class Members who were terminated without cause at

any time during the thirty (30) days surrounding October 29, 2007 and thereafter (the "WARN Claims"). For purposes of this Settlement, the Parties stipulate that each Class Member's WARN Act damages and proportionate share of all distributions received pursuant to this Settlement shall be reduced by the amount of all pay and ERISA benefits received on account of work performed by such Class Member on behalf of the Debtors after October 29, 2007, pursuant to 29 U.S.C. § 2104(a)(2)(A).

6.     On or about July 31, 2008, the Debtors filed and served their Answer to the Amended Complaint (the "Answer"). The Answer denied the material allegations of the Complaint and asserted, among other affirmative defenses: (i) that the Debtors were, as of the time notice to the Class Members pursuant to the WARN Act would otherwise have been required, actively seeking capital or business which, if obtained, would have enabled them to avoid or postpone the termination of the employment of the Class Members that are alleged in the Complaint and reasonably and in good faith believed that prior WARN Act notice would have precluded Debtors from obtaining the needed capital or business; (ii) that the termination of the employment of the Class Members alleged in the Complaint was the result of unforeseeable business circumstances; and (iii) that any act or omission by the Debtors in alleged violation of the WARN Act was made in good faith and upon reasonable grounds for believing that such act or omission was not a violation of the WARN Act.

## The Settlement Negotiations

7.     Following service of discovery and responses to interrogatories and partial production of documents from the Debtors in August 2008, the Parties were in a position to evaluate the strengths of their respective claims and defenses and explore the possibility of settlement. With the anticipated production of tens of thousands of pages of documents

responsive to Plaintiffs' discovery requests and the subpoenaing of documents from third parties with anticipated depositions of former officers and directors, with the prospect of the Debtors' estates incurring substantial attorney's fees and costs, the Parties concluded that in order to avoid the cost and uncertainty of lengthy litigation, the delay incident to that litigation and the dissipation of the estate by professional fees in defense of the Class Action, it was in the best interests of the Debtors, its creditors and the putative Class to seek to effect a settlement of the WARN Claims.

8.     On or about October 8, 2008, the Parties commenced informal settlement discussions.  On November 14, 2008, the Parties filed a case status report with the Court, reporting the status of those discussions and a possible early resolution of the Class Action.

9.     The settlement negotiations between the Parties were protracted, spanning a period of four months, conducted in good faith and at arms' length.

## Proposed Settlement

10.     The terms of the proposed Settlement are set forth in the attached Agreement filed contemporaneously herewith, and the terms of the Agreement shall control the Settlement.

11.     The principal terms of the Settlement can be summarized as follows:

- The total Settlement is $1.4 million.

- The Settlement shall be paid on the following schedule:  1) $850,000 shall be paid upon final approval of the Settlement, and 2) the balance of $550,000 shall be paid from the first dollars of the net proceeds of preference actions, after payment of the costs and expenses (including legal fees) of the prosecution/recovery of those actions.

- The Plaintiffs, as Class Representatives, will each receive a $10,000 payment (the "Representative Payments") as compensation for their services on behalf of the Class.  Debtors shall pay from their own funds one half of the employer's share of the Class Representatives' FICA

obligations (3.825% of social security wages) and deduct the other half of the employer's share and any local, state and other federal tax obligations arising from or related to the Representative Payments and remit such withholdings to the appropriate authorities. Debtors shall assume no liability for Plaintiffs' individual tax or withholding obligations.

- The remaining balance of the Settlement Proceeds will be divided on a pro rata basis among the Class Members (after deducting each Class Member's share of attorneys' fees and applicable taxes). Distributions to the Class Members shall be made by the Debtors.

- Class Counsel will seek approval from this Court for attorneys' fees of one-third of the Settlement Proceeds, after deducting the Representative Payments ("Class Counsel Fees"). Payment of Class Counsel Fees shall be made exclusively from the Settlement Proceeds and shall not be an administrative expense of the Debtors' estate. Payment of Class Counsel Fees is subject to this Court's approval.

- The net Settlement Proceeds, after deducting the Representative Payment, Class Counsel Fees, and each individual Class Member's tax and withholding obligations, will be paid to each member of the Class on a pro rata[1] basis by the Debtors or the Debtor's successor under a Plan. The Debtors or its successors shall make Distributions of the Settlement Proceeds to the Class Members and in addition pay from their own funds one half of the employer's share of the individual Class Members' FICA obligations (3.825% of social security wages) and deduct any local, state and other federal tax obligations of the Debtors related to the Class Members' payments and withhold all appropriate local, state and federal tax obligations, garnishments and similar withholding obligations of individual Class Members. The Debtors shall not be liable for any personal tax obligation of any Class Member arising from or related to the Distribution or receipt of the Settlement Proceeds.

- The effectiveness of the Settlement is contingent upon: (i) entry of a final non-appealable order by this Court approving the Settlement.

12.     The Debtors make no representation as to the reasonableness of, and will neither support nor oppose, Class Counsel's request for fees and leaves that determination for the Court.

13.     The Debtors believe that the terms of the Settlement are well within the range

---

[1] Further description of the pro rata nature of the distributions of the Settlement Proceeds can be found in the Agreement.

of reasonableness and are in the best interests of the Debtors' estate and its creditors and should, therefore, be approved.

14.     The Plaintiffs, as Class Representatives, and proposed Class Counsel believe that the Settlement is fair, reasonable and adequate to each of the Class Members.

<u>**Manner of Notice of Settlement to Members Class**</u>

15.     The parties request that upon preliminary approval of the Settlement, the Bankruptcy Court approve the mailing of notice of the proposed Settlement (the "Class Notice") to the last known address in the records of the Debtors or to any corrected address that the Parties may obtain for each of the prospective Class Members. Class Counsel will access a national database of names and addresses for each of the prospective Class Members to which it subscribes to secure correct addresses for Class Notice that are returned. The Class Notice will be promptly remailed to those corrected addresses for each of the prospective Class Members. Federal Rule of Civil Procedure 23(c)(2)(B) requires that individual notice be provided to all class members who can be identified through a reasonable effort. Several courts have found individual mailings to an individual's last known address to be appropriate. *See, e.g., Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 429-30 (5th Cir. 1977); *Quintanilla v. A & R Demolition, Inc.,* 2008 U.S. Dist. LEXIS 37449 at * 16 (S.D. Tex. 2008); *In re Train Derailment near Amite La.*, 2006 U.S. Dist. LEXIS 32839 (E.D. LA. 2006); *White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994); *Weinbarger v. Kendrick,* 698 F.2d 61, 71 (2d Cir. 1983).

<u>**Jurisdiction and Venue**</u>

16.     This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157, 1331 and 1334.

17. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

18. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

## II. THIS COURT SHOULD APPROVE THE SETTLEMENT UNDER BANKRUPTCY RULE 9019

**A.** <u>**The Legal Standard**</u>

19. Numerous courts have emphasized that compromises are an ordinary part of the process of bankruptcy reorganization, and are often a desirable way of ending proceedings that are lengthy, complicated and costly. *In re Cajun Elec. Power Co-op., Inc.,* 119 F.3d 349, 354, 1997 U.S. App. LEXIS 20519 (5th Cir. 1997); *citing In re Jackson Brewing Co.,* 624 F.2d 599, 602 (5th Cir. 1980) . Other courts have noted that "to minimize litigation and expedite the administration of a bankruptcy estate 'compromises are favored in bankruptcy.'" *In re Auto Tower, Inc.,* No. 05-10578, 2006 Bankr. LEXIS 2220 at *9 (Bankr. S.D.N.Y. June 28, 2006) (citing *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1](15th Rev. Ed. 1993)). *See also In re Culmetech, Ltd.,* 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990)("[C]ompromises are favored in bankruptcy and . . . much of litigation in bankruptcy estates results in settlement"). Section 105 of the Bankruptcy Code empowers a court to issue any order that is "necessary or appropriate." 11 U.S.C. § 105(a).

20. Rule 9019 of the Bankruptcy Rules governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the [debtors in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). *Cook v. Waldron,* 2006 U.S. Dist. LEXIS 31411 (S.D. Tex. 2006). This rule empowers the bankruptcy court to approve a proposed compromise or settlement "if [it is] in the best interests of the estate." *In*

*re TECNET, Inc.,* 2006 Bankr. LEXIS 4572 (Bankr. N.D. TX. 2006), *citing In re Cajun Elec. Power Co-op., Inc.,* 119 F.3d at 356.

21.     Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) (*quoting Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130 (1939)).   To approve a compromise or settlement under Bankruptcy Rule 9019(a), a bankruptcy court should find that the compromise or settlement is supported by adequate consideration, is fair and equitable, and is in the best interests of the debtor's estate. *In re TECNET, Inc.,* 2006 Bankr. LEXIS 4572 at *3. *See also In re Jackson Brewing Co.,* 624 F.2d at 602. The decision to approve or deny a particular compromise or settlement involving a bankruptcy estate lies within the sound discretion of the Bankruptcy Court. *See In re Aweco, Inc.,* 725 F.2d 293, 297 (5th Cir. 1984); *In re Roqumore,* 393 B.R. 474 (Bankr. S.D. Tex. 2008) *citing In re Jackson Brewing Co.,* 624 F.2d 599 ; *Nellis v. Shugrue,* 165 B.R. 115, 122-23 (S.D.N.Y. 1994). *See also* 10 COLLIER ON BANKRUPTCY § 9019.02 (15th rev. ed. 2008).

22.     In exercising its discretion, the Bankruptcy Court must make an independent determination that the compromise or settlement is fair and reasonable and, in making such a determination, may credit and consider the opinion of the trustee or debtors in possession and counsel that the compromise or settlement is in fact fair and equitable. *Cook v. Waldron,* 2006 U.S. Dist. LEXIS 31411 at *6.

23.     The central concern of the Bankruptcy Court in considering whether to approve a settlement is to protect the bankruptcy estate for the benefit of the creditors. *Henderson v. Casciato-Northrup,* 2001 U.S. Dist. LEXIS 23637 at *10 (W.D. Tex 2001), citing *Continental Airlines, Inc. v. Airlines Pilots Ass'c, Int'l,* 907 F.2d 1500, 1509 (5th Cir. 1990)

(acknowledging the court's duty to protect the interests of the creditors in evaluating the fairness of a compromise settlement).

24.     The Bankruptcy Court need not decide the numerous issues of law and fact raised by the compromise or settlement but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cook v. Waldron*, 2006 U.S. Dist. LEXIS 31411 at *10, *citing In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). "The 'reasonableness' of the settlement depends upon all factors, including probability of success, the length and cost of the litigation, and the extent to which the settlement is truly the product of 'arms-length' bargaining, and not of fraud or collusion." *In re Foster Mortgage Corp.,* 68 F.3d 914, 918 (5th Cir. 1995).

25.     In considering whether to approve a proposed settlement, the Fifth Circuit has directed that a Bankruptcy Court must evaluate: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re TECNET, Inc.,* 2006 Bankr. LEXIS 4572 at *3, *citing In re Jackson Brewing Co.,* 624 F.2d 599. Under the first factor, the court does not conduct a mini-trial, but does apprise itself of the relevant facts and law to make an informed decision. *In re Duncan*, 2007 Bankr. LEXIS 3339 at *10 (Bankr. E.D. Tex. 2007), *citing In re Jackson Brewing Co.,* 624 F.2d at 602. Under the third category, the court should consider the best interest of creditors, specifically, (a) whether a compromise serves the paramount interest of creditors with proper deference to their reasonable views and (b) the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *Id.,* at *11. *In re Cajun Elec. Power Co-op, Inc.,* 119 F.3d at 356. *See also In re*

*Allied Props., LLC*, 2007 Bankr. LEXIS 2174 at *10 (Bankr. S.D. TX 2007).

**B.**         **The Settlement is in the Best Interests of the Debtors and its Estate.**

26.     The parties respectfully submit that the Settlement is well within the range of reasonableness, that it is fair and in the best interests of the Debtors' estate. The Settlement is the product of good faith negotiations conducted at arms' length by experienced counsel, which resolves a significant alleged priority claim asserted by or on behalf of certain of the Debtors' former employees against the Debtors' estate. The Class Action involves significant, complex issues regarding the application of the WARN Act to the facts giving rise to the alleged WARN Act claims. Continued litigation would be costly and time-consuming and expose the Debtors' estate to significant risks, including the potential risk of administrative insolvency. The Plaintiffs allege that the Debtors' WARN Act liability exceeds $3.0 million, all of which, it is alleged, constitutes administrative or priority wage claims. The Settlement provides for payment to the Class of $1.4 million, $850,000 to be paid on the Effective Date of the Settlement, and the balance to be paid from net preference action recoveries. The Settlement eliminates any further accrual of the substantial litigation expenses associated with the Class Action. Moreover, the Settlement enables the Debtors to avoid any additional delay in making distributions to the creditors of its estate. Accordingly, the Parties respectfully submit that approval of the Settlement is warranted.[2]

### III. THE SETTLEMENT SHOULD BE PRELIMINARILY AND FINALLY APPROVED AS FAIR, REASONABLE AND ADEQUATE TO THE CLASS

**A.**         **The Settlement Should be Preliminarily Approved.**

27.     Pursuant to Federal Rules of Civil Procedure, "[t]he court must approve any

---

[2] In the event that the Settlement is not approved by the Bankruptcy Court or the Settlement does not become binding and enforceable for any reason, the Parties reserve all their rights and nothing herein shall be deemed or construed as an admission of any fact, liability, stipulation, or waiver, but rather as a statement made in furtherance of settlement discussions.

settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e)(1)(A). Accordingly, the Court has authority to conduct a preliminary fairness review of a proposed class action settlement. *See* MANUAL FOR COMPLEX LITIGATION (Fourth) § 32.632 (2004). As part of a preliminary fairness review, the court must "make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)" and "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." *Id.*

**B.      The Settlement Should be Finally Approved at the Fairness Hearing.**

28.      Federal Rule of Civil Procedure 23 (e)(1)(C) provides that,

> The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

29.      In *Quintanilla v. A & R Demolition, Inc.*, the Court stated that the standard for whether a class action settlement should be approved is whether the settlement is "fair, adequate and reasonable" and has been entered into without collusion between the parties. *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449 at *7, *citing Newby v. Enron Corp.*, 394 F.3d at 301 (5th Cir. 2004); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977). The *Quintanilla* Court further explained that in considering whether a class action settlement meets the standard of Rule 23(e)(1)(C), courts must consider the following six factors: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability of plaintiffs prevailing on the merits; (5) the range of

possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *Newby,* 394 F.3d at 301; *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983); *Parker v. Anderson,* 667 F.2d 1204, 1209 (5th Cir. 1982).

30.     The Parties submit that not only should the settlement be approved pursuant to Bankruptcy Rule 9019 as set forth above, but that the Settlement should also be approved as fair, reasonable and adequate to the Class under the factors enumerated by the Fifth Circuit, for the following reasons:

- As set forth previously above, the litigation would have been complicated, protracted and expensive, thereby depleting the Debtors' estate and delaying and diminishing distributions to the creditors including Class Members holding pre-petition priority and unsecured claims.

- The Plaintiffs, as Class Representatives, support the Settlement and Class Counsel believes that the majority of the remaining potential Class Members will have a favorable reaction to the Settlement and will not object.

- The Settlement was reached after the essential facts had been thoroughly investigated by Class Counsel through interrogatories, document requests, and interviews of witnesses.

- As set forth above, the risks of being unable to establish liability and damages were significant because of the defenses asserted by the Debtors.

- Since the Debtors are in bankruptcy, even if the Class had prevailed at trial, they may not have received any recovery because of numerous factors including continuing administrative expenses. The Settlement assures payment to the Class.

- The Settlement is well within the range of reasonableness given the uncertainty of establishing liability and the ability to recover against a bankrupt employer.

For all these reasons, the Settlement should be approved as fair, reasonable and adequate to the Class.

## Proposed Notice

31.     The Parties believe that the initial relief requested herein – approval of the form and manner of notice to the Class, preliminary approval of the Settlement and the scheduling of the Fairness Hearing – is related exclusively to the Adversary Proceeding. Notice of the initial relief requested shall be provided to the Office of the United States Trustee and Committee counsel.   The Parties submit that no further notice of the initial request for relief is necessary.

32.     Upon entry of an order (i) preliminarily approving the Settlement; (ii) approving the form and manner of notice to the members of the Class, and (iii) scheduling a the Fairness Hearing, the Debtors will cause notice of the proposed Settlement and the Fairness Hearing to be served upon the Office of the United States Trustee and all parties requesting notice of proceedings in the Debtors' Chapter 11 case pursuant to Bankruptcy Rule 2002.

33.     With regard to the members of the Class, the Parties propose that the Notice of Proposed Settlement of Class Action and Fairness Hearing that is attached hereto as <u>Exhibit 2</u> be served on all Class Members, and such notice shall comprise such notice to the Class Members as is necessary for approval of the Settlement.

34.     Plaintiffs further submit that service of the proposed Settlement of Class Action and Fairness Hearing by first class mail, postage prepaid, to each prospective Class Member at each Class Member's last known address as shown in the Debtors' records, is the best notice practicable under all the circumstances.   Furthermore, while Federal Rule of Civil Procedure 23, as adopted by Bankruptcy Rule 7023, does not impose a minimum notice period, the Parties have attempted to ensure that both parties in interest in the Debtors' Chapter 11 case

and all potential Class Members receive a minimum of 20 days notice of the Fairness Hearing, as required under Bankruptcy Rule 2002.

35.     Federal Rule of Civil Procedure 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B). *See also Schwartz v. TXU Corp.*, 2005 U.S. Dist. LEXIS 27077 at *41 (N.D. Tex. 2005) (the notice provided to class members must include enough information to allow the class members to make an informed choice of whether to approve or disapprove the settlement); *McNamara v. Bre-X Minerals Ltd.,* 214 F.R.D. 424, 429 (E.D. Tex. 2002) (settlement notice of incredibly complex securities fraud case with hundreds of plaintiffs, many defendants, and even more attorneys met the requirements of Rule 23 where Plaintiffs' counsel condensed the case to its essence and memorialized it in the notice.).

36.     Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings," *Maher v. Zapata Corp.*, 714 F.2d 436 (5th Cir. 1983) *quoting, Philadelphia Hous. Auth. v. Amer. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating*

*& Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3d Cir.1971). *See also Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d at 429-30 (individual mailings to each potential Class Member's last known address is appropriate); *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449 at *16 (notice by first class mailing satisfies all applicable requirements); *Grace v. City of Detroit*, 145 F.R.D. 413, 416 (E.D. Mich. 1992) (notice by first-class mail and publication meets Rule 23(c)(2) requirements); *White v. Nat'l Football League*, 41 F.3d 402, 408 (8th Cir. 1994) (individualized notice by mail is the best notice practicable in a class action contest); *Weinbarger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983) (numerous decisions recognizing that notices to class members can practicably contain only a limited amount of information have approved very general descriptions of the proposed settlement).

37.     Here, the contents of the proposed Class Notice are sufficient. The Class Notice summarizes the status of the pending WARN Act litigation and apprises the proposed Class, among other things, of the claims, issues and defenses, the terms of the settlement and that complete information regarding the action is available upon request from Class Counsel and that any Class Member may object to the settlement. In short, the proposed Class Notice satisfies all the requirements of Rule 23(c)(2)(B).

38.     In light of the nature of the relief requested, the Parties submit that no other or further notice need be given.

39.     No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE,** the parties respectfully request that this Court: (a) enter an order in substantially the form attached hereto as <u>Exhibit 3</u> (i) preliminarily approving the Settlement; (ii) approving the form and manner of notice to the members of the putative Class and (iii)

scheduling the Fairness Hearing; (b) following the Fairness Hearing, enter an order in substantially the form attached hereto as Exhibit 4 finally approving the Settlement and approving proposed Class Counsel's request for fees and expenses and (c) grant such other relief as may be just and proper.

Dated: March 30, 2009                    Respectfully submitted,

| | |
|---|---|
| By:/s/ Jeff P. Prostok | By:/s/ Jason Brookner |
| Jeff P. Prostok | Jason Brookner |
| **Forshey & Prostok, LLP** | **Andrews Kurth LLP** |
| 777 Main Street, Suite 1290 | 1717 Main Street, Suite 3700 |
| Fort Worth, TX 76102 | Dallas, Texas 75201 |
| Telephone: (817) 877-8855 | Telephone: (214) 659-4457 |
| | |
| - and – | - and – |
| | |
| Jack A. Raisner | Anju Uchima |
| René S. Roupinian | Paul N. Silverstein |
| **Outten & Golden LLP** | 450 Lexington Ave, 15th Floor |
| 3 Park Avenue, 29th Floor | New York, New York 10017 |
| New York, New York 10016 | Telephone: (212) 850-2800 |
| Telephone: (212) 245-1000 | |
| | *Attorneys for the Debtors* |

*Attorneys for Plaintiffs and the Certified Class*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March, 2009, a true and correct copy of the foregoing document was served on the parties listed below via ECF Electronic Notice, where available, and via first class mail:

U.S. Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242

Kevin M. Lippman
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201

/s/ Jeff P. Prostok

L:\JPROSTOK\Kitty Hawk Class Action-Outten #5044\Adv Pleadings 07-04179\Joint Motion to Approve Settlement Agreement.doc

# Exhibit 1

In re:

KITTY HAWK, INC. et al.,

Debtors.

MICHAEL UPDIKE and DORBIN SANTOS on behalf of
themselves and all others similarly situated,

Plaintiffs.

v.

KITTY HAWK CARGO, INC., KITTY HAWK, INC.,
KITTY HAWK GROUND, INC., and KITTY HAWK
AIRCARGO, INC,

Defendants.

Chapter 11

Bankruptcy No. 07-44536

Adv. Pro. No. 07-04179

## SETTLEMENT AGREEMENT

This settlement agreement (this "Agreement") is entered into by and among (i) Kitty

Hawk Cargo, Inc., Kitty Hawk, Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc., the

Defendants in the above-captioned adversary proceeding and the debtors and debtors-in-

possession in the above-captioned chapter 11 proceeding (collectively "Kitty Hawk", the

"Debtors", or "Defendants") and (ii) Michael Updike and Dorbin Santos on behalf of themselves

and the Certified Class of former employees of Kitty Hawk ("Plaintiffs"), and together with the

Debtors, the "Parties") as of the date set forth below:

## RECITALS

**WHEREAS**, on October 15, 2007 (the "Petition Date"), the Debtors sought voluntary

relief under Chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for

the Northern District of Texas (the "Bankruptcy Court"), Case Number 07-44536-RFN (the "Bankruptcy Case"); and

**WHEREAS**, on October 19, 2007 the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"); and

**WHEREAS**, the Debtors continue to operate and manage their business, as debtors-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108; and

**WHEREAS,** Plaintiffs commenced the above-captioned adversary proceeding (the "Adversary Proceeding") on November 29, 2007, on behalf of themselves and similarly situated employees of the Debtors, by filing their complaint (the "Complaint"); and

**WHEREAS**, by the Complaint, the Plaintiffs allege that Defendants violated various provisions of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act") and the California WARN Act, Cal. Labor Code, § 1400 et. seq. (collectively "the WARN Acts"); and

**WHEREAS**, Defendants timely answered the Complaint on February 15, 2008 and filed and served their amended answer on July 31, 2008 (the "Answer") and Defendants deny any violations of the WARN Acts and/or assert affirmative defenses that, if proved, would relieve Defendants of all liability under the WARN Act; and

**WHEREAS**, on or about January 28, 2008, the Class Representative filed a motion for class certification, the appointment of Class Counsel (as defined below), the approval of the form and manner of notice to the Class (as defined below) and the appointment of Plaintiffs as class representatives for the Class; and

**WHEREAS**, on or about July 22, 2008, the Bankruptcy Court granted Plaintiffs' motion for class certification and entered an order in the Class Action (a) certifying a class defined as

follows: that a class is certified, comprised of the Plaintiffs and the other former employees of Defendants (i) who worked at or reported to one of the Defendants' Facilities constituting a "single site of employment" as defined by the WARN Act, and where a mass layoff or plant closing, as defined by the WARN Act, was ordered by Defendants on or about October 29, 2007, and who were, as the result of such mass layoff or plant closing, terminated without cause within 30 days of October 29, 2007, or as the reasonably foreseeable consequence of such mass layoff or plant closing; and (ii) who have not filed a timely request to opt-out of the class; appointing Plaintiffs Michael Updike and Dorbin Santos as class representatives in the Class Action; (b) appointing Outten & Golden LLP and Forshey & Prostok, LLP as class counsel (collectively, "Class Counsel"); and (c) ordering that notice (the "Initial Class Notice") be mailed by Class Counsel to each Potential Class Member, which notice, among other things, informed Potential Class Members of their right to opt out of the Class; and

WHEREAS, Class Counsel mailed the Initial Class Notice to those persons whose names and addresses were initially supplied to Class Counsel as being those of the persons to whom the Initial Class Notice was to be mailed; and

WHEREAS, in response to the Initial Class Notice, the following one (1) individual timely opted out of the Class: Baltazar Aragon (the "Initial Opt-Out") which one (1) individual, having opted out of the Class, is not entitled to share in the Settlement Fund, as described below; and

WHEREAS, there appear to be significant, complex issues of both law and fact in dispute between the Parties that would, absent consensual resolution, require extensive discovery and litigation; and

**WHEREAS**, the Parties desire to resolve the matters raised by the Complaint and the Answer and claims asserted by Plaintiffs and any and all employees included within the Class (as that term is defined herein) consensually and according to the terms set forth below,

**NOW THEREFORE**, in consideration of the foregoing recitals and the mutual promises hereinafter contained, the Parties, intending to be fully bound, hereby stipulate and agree as follows:

1.  <u>Identify of the "Class"</u> - The Debtors have provided counsel for the Plaintiffs with sufficient information regarding all former employees of the Debtors who fall within the definition of the class as certified by this Court on July 22, 2008. The names of the Class members (the "Class Members") are included in the attached <u>Exhibit A</u>.

2.  <u>Effective Date</u> - This Agreement shall become effective (the "Effective Date") upon entry of a final, non-appealable order of the Bankruptcy Court approving this Agreement or, if an appeal of such order is taken, no stay of the order is then in effect.

3.  <u>Settlement Amounts</u> - In full and complete satisfaction of all claims (as that term is defined under 11 U.S.C. § 105(5)) asserted in the Complaint and all alleged claims arising from or related to the WARN Act asserted in each of the WARN Class Claim and the Individual WARN Claims, the Class shall receive the following:

    a.  Upon the Effective Date, the Class shall be paid the amount of $850,000 (the "Initial Payment"), from which shall be deducted the Representative Payments (as defined herein) and Class Counsel's Fees (as defined herein) as approved by the Bankruptcy Court; and

    b.  Following the Initial Payment, the Class shall receive $550,000 of funds available from the net proceeds of preference actions recovered in the Bankruptcy Case,  after

payment of the costs and expenses (including legal fees) of prosecution/recovery (the "Net Preference Proceeds"[1], together with the Initial Payment, the "Settlement Proceeds").

4.    Class Counsel's Fees – Lead Class Counsel, Outten & Golden LLP, may seek an order of the Bankruptcy Court allowing it compensation for fees of not more than one-third (33 1/3%) of the Settlement Proceeds ("Class Counsel Fees"), payable exclusively from the Settlement Proceeds.  Upon order of the Bankruptcy Court approving such Class Counsel Fees, the Debtors or its successor under a Plan shall pay Class Counsel Fees as directed by Class Counsel contemporaneously with any distribution to the Class.  The Debtors agree that they shall not object to any fee application filed before the Bankruptcy Court by Class Counsel that is consistent with the provisions of this Agreement.

5.    Class Representative Payment - Plaintiffs, as Class Representatives, shall each be entitled to a one-time payment of $10,000, payable from the Initial Payment (the "Representative Payments").  The Debtors or its successors under any Plan shall distribute the Representative Payments and in addition pay one half of the employer's share of the Class Representatives' FICA obligations (3.825% of social security wages) and deduct any local, state and other federal tax obligations of the Debtors related to the payment of the Representative Payments and withhold all appropriate local, state and federal tax obligations, garnishments and similar withholding obligations of the Class Representatives.  The Debtors shall not be liable for any personal tax obligation of Plaintiffs arising from or related to the distribution or receipt of the Representative Payments.

6.    Pro Rata Shares of Class Members - Distributions to individual Class Members shall be made on a pro rata basis, based upon each individual Class Member's average monthly

---

[1] "Net Preference Proceeds" shall mean the gross amount of preference recoveries minus attorneys' fees and costs of prosecution/collection.

gross wages or gross salary and all benefits under any employee benefit plan during the sixty (60) day period preceding October 29, 2007 (the "Back Pay"), *reduced by* gross wages or gross salary and all benefits under any employee benefit plan received by each Class Member from the Debtors on account of work performed on behalf of the Debtors after October 29, 2007 (the "Post Termination Period"). The term "pro rata" as used herein shall mean the quotient of each individual Class Member's Back Pay less Post Termination Pay over the aggregate Back Pay for all Class Members (such amount being each Class Member's "Pro Rata Share"). The formula for determining a Class Member's Pro Rata Share shall be as follows:

**Pro Rata Share = <u>(Class Member Back Pay) - (Class Member Post Termination Pay)</u>**
$$\Sigma \text{ (All Class Members' Back Pay)}$$

By way of example only, assuming a Class Member whose Back Pay totals $1,000, who received $100 in Post Termination Pay, and aggregate Back Pay for all Class Members totals $100,000, such Class Member's Pro Rata Share would be [($1,000 - $100)/$100,000], or 0.90%. Class Counsel shall provide the Debtors with the calculations of each Class Member's Pro Rata Share prior to any distribution. The Debtors shall have no liability or obligation with regard to the Pro Rata Share calculations provided by Class Counsel.

7. <u>Individual Class Member Distributions</u> - Each individual Class Member shall be entitled to receive such Class Member's Pro Rata Share of distributions from the Settlement Proceeds, net of Class Counsel Fees and the Representative Payment, to the extent not already paid (a "Distribution"). The formula for each individual Distribution shall be as follows:

**Distribution = [(Pro Rata Share) x (Settlement Proceeds)]**

By way of example only, if a Class Member's Pro Rata Share is 0.90% and the Settlement Proceeds, net of Class Counsel Fees and the Representative Payment, to the extent not already paid total $50,000, the Class Member would be entitled to 0.90% x $50,000, or $450.

8.      Distribution of Settlement Proceeds - The Representative Payments, Class

Counsel Fees and all Distributions to Class Members shall be made pursuant to, and in

accordance with the time set for distributions herein. The Debtors or its successors shall make

Distributions of the Settlement Proceeds to the Class Members and in addition pay one half of

the employer's share of the individual Class Members' FICA obligations (3.825% of social

security wages) and deduct any local, state and other federal tax obligations of the Debtors

related to the Class Members' payments and withhold all appropriate local, state and federal tax

obligations, garnishments and similar withholding obligations of individual Class Members. The

Debtors shall not be liable for any personal tax obligation of any Class Member arising from or

related to the Distribution or receipt of the Settlement Proceeds. All Distributions shall be made

to the last known address of any Class Member according to the Debtors' books and records.

9.      De Minimis Distributions - The Debtors or any successor entity shall not be

obligated to make interim distributions to Class Members of less than $50.00 (the "De Minimis

Amount"). Upon each interim Distribution to the Class from either the Initial Payment or the

Net Preference Proceeds, a Distribution of less than the De Minimis Amount to a Class Member

otherwise entitled to such a Distribution shall be reserved for the benefit of such Class Member

until such time as the aggregate amount of such Distributions to which a Class Member is

entitled to is in excess of the De Minimis Amount. Notwithstanding the foregoing, no final

Distribution will be made to a Class Member if the aggregate of such Distributions to which a

Class Member is entitled to is less than $5.00, in which case all such amounts shall revert to the

Council for Senior Centers and Services of New York, New York, 49 West 45th St., 7th Floor,

New York, NY 10036.

10.     <u>Release of Defendants and Related Parties</u> - Except for the rights and obligations arising out of, provided for, or reserved in this Agreement, the Plaintiffs and all other Class Members, for and on behalf of themselves and their respective predecessors, successor, assigns, affiliates and subsidiaries (collectively, the "Releasing Parties"), do hereby fully and forever release and discharge the Debtors and its current and former shareholders and affiliated entities and their respective officers, directors, shareholders, agents, employees, partners, members, accountants, attorneys, representatives and other agents and all of their respective predecessors, successors and assigns, and all former or current members and attorneys (each a "Released Party" and together the "Released Parties"), of and from any and all claims and rights of any kind that arise from the allegations set forth in the Complaint or similar factual allegations, the WARN Class Claim and the Individual WARN Claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected or disclosed, that the Releasing Parties may have as of this date against the Released Parties arising out of the factual allegations raised in the Complaint or similar factual allegations, the WARN Class Claim and the Individual WARN Claims, including, those asserted by any individual Class Member, the WARN Class Claim, the Individual WARN Claims and the Adversary Proceeding; *provided, however*, that claims filed by former employees that do not arise from or relate to the WARN Act, including, but not limited to, any claims arising from or related to pre-petition wages, salaries or benefits earned by former employees shall not be released hereby. The Debtors expressly reserves the right to object to, offset or oppose any and all other claims, obligations or causes of action, of any type, except those claims allowed pursuant to this Agreement.

11.     Class Members' Exclusive Remedy - All claims of Class Members arising from

or related to the WARN Act are to be paid pursuant to the terms of, and in accordance with, this

Agreement.  This Agreement represents each Class Member's exclusive remedy as against any

of the Released Parties for all claims or causes of action arising from or related to the WARN

Act.  Accordingly, upon the Effective Date, no Released Party shall be subject to liability or

expense of any kind to any Class Member with respect to any claim or cause of action arising

from or related to the WARN Act, except as set forth in this Agreement and, as of the Effective

Date, each Class Member shall be enjoined from instituting or maintaining any claim or cause of

action arising from or related to the WARN Act against any Released Party in any state or

federal court or any other forum.

12.     Bankruptcy Court Approval - The Parties shall jointly file a motion or motions

seeking an order or orders of the Bankruptcy Court (a) approving the form and manner of notice

of the terms of this Agreement to potential members of the Class; and (b) approving this

Agreement.  This Agreement is subject to and contingent upon approval by the Bankruptcy

Court pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9019.   Failure of the

Bankruptcy Court to approve this Agreement in its entirety, absent waiver by any affected party,

shall render this Agreement null and void and the Parties shall be restored to their respective

positions as if this Agreement had never been executed.

13.     No Admission of Violation of WARN Act or Liability - The execution of this

Agreement by the Debtors or the Committee, and any representations or statements made herein

by the Debtors, shall not be construed as an admission of any violation of the WARN Act or

liability thereunder.  This Agreement shall not be admissible in any proceeding arising from or

related to any of the matters addressed herein, including, but not limited to, the claims raised in

the Adversary Proceeding or similar claims raised by parties other than the Plaintiffs or the defenses raised in the Answer.

14. <u>Attorneys' Fees</u> - Except as provided for herein, each Party shall be responsible for the payment of its own attorneys' fees and expenses.

15. <u>Assignees</u> - This Agreement shall be binding upon and shall inure to the benefit of the predecessors, successors and assigns of each of the Debtors, the Plaintiffs, Class Counsel and the Class.

16. <u>Governing Law and Jurisdiction</u> - This Agreement shall be construed pursuant to the laws of the State of Texas and the United States Bankruptcy Code. The Parties and the Committee agree that the Bankruptcy Court shall have exclusive jurisdiction to resolve any disputes arising from or related to this Agreement. The Parties further agree that they shall not commence or continue any contested matter, adversary proceeding, lawsuit or arbitration that contests, disputes or is otherwise inconsistent with any provision of this Agreement.

17. <u>Entire Agreement</u> - This Agreement sets for the entire agreement and understanding between the Parties, Class Counsel and each Class Member as to the subject matter hereof and supersedes all previous agreements and discussions between or among each of the foregoing as to the matters herein addressed.

18. <u>Counterparts</u> - This Agreement may be executed by two (2) or more counterparts, each of which shall be deemed and original but all of which shall constitute one Agreement. This Agreement may be executed on behalf of any of the Parties by counsel of record either in the Bankruptcy Case or the Adversary Proceeding. This Agreement may be executed by facsimile or electronic mail and such facsimile or electronic mail signature shall be treated as an original signature.

19.     Joint Efforts/Drafting Party - This Agreement has been prepared by the joint efforts of counsel for each of the Parties.  Each and every provision of this Agreement shall be construed as though each and every party hereto participated equally in the drafting hereof.  Any rule or law that this Agreement be construed against the drafting party shall be inapplicable.

20.     No Reliance - Plaintiffs and Class Counsel acknowledge and represent that they have relied solely upon facts obtained from their own investigation and, as to Plaintiffs, upon advice of their own counsel, in executing this Agreement, and that they have not relied upon any statement, promise or representation of any nature by the Debtors, the Committee or their respective counsel.

21.     Dismissal of Adversary Proceeding - Upon the Effective Date, the Adversary Proceeding shall be deemed dismissed with prejudice and Class Counsel shall file any necessary paper or pleading to effectuate such dismissal within two (2) business days of the Effective Date.

22.     Waiver - The Parties may mutually waive any provision of this Agreement, *provided, however* that such waiver must be in writing, delivered either by mail, courier, facsimile or electronic mail.  A waiver of any provision of this Agreement will not constitute a waiver of any other provision.  The Parties may modify or amend this Agreement only by a written agreement that all of the Parties have signed, and subject to any necessary Bankruptcy Court or other approval.

23.     Headings - Headings included in this Agreement have no independent meaning.


**[Signature Page to Follow]**

**STIPULATED AND AGREED TO BY:**

Kitty Hawk Inc., et al, as debtors and debtors-in-possession

By: _/s/ Jason S. Brookner_
Name: Jason S. Brookner
Title: Counsel to the Debtors

Date: March 24, 2009

MICHAEL UPDIKE and DORBIN SANTOS, on behalf of themselves and the Certified Class of similarly situated former employees of Kitty Hawk Inc.

By: _/s/ René S. Roupinian_
Name: René S. Roupinian
Title: Counsel to Plaintiffs and the Certified Class

Date: March 24, 2009

**Exhibit A**

**Class Members**

| Last Name | First Name | Street Line 1 | City | State | Zip |
|---|---|---|---|---|---|
| Adams | Lydia | 1512 Shady Lane #33 | Bedford | Texas | 76021 |
| Agtarap | Jimmy | 3649 Midvale Ave #2 | Los Angeles | California | 90034 |
| Aguillon | Ernesto | 4309 Lennox Boulevard | Inglewood | California | 90304 |
| Ajanel | Nelson | 4050 W 133rd St Unit C | Hawthorne | California | 90250 |
| Aldrich | Tamara | 14820 3rd Street | Hoagland | Indiana | 46745 |
| Aleman | Victor | 4419 Live Oak Blvd | Fort Wayne | Indiana | 46804 |
| Alexander | Christopher | 9405 Snyder Rd | Monroeville | Indiana | 46773 |
| Allen | James | 3121 Euclid Ave | Fort Wayne | Indiana | 46806 |
| Allen | William S. | 2107 E 8th St | Vancouver | Washington | 98661 |
| Allen Sr. | William | 12151 E Molette St | Norwalk | California | 90650 |
| Alvarado | Luis | 1116 Carey Ave | Clovis | California | 93611 |
| Amari | Nicholas | 6302 S Harrison St | Fort Wayne | Indiana | 46807 |
| Anderson | Scott | 24512 Lincoln Hwy. E | Monroeville | Indiana | 46773 |
| Aragon | Baltazar | 6115 W. Coronado Rd. | Phoenix | Arizona | 85035 |
| Arndt | Barbara | 114 Happy Trail Ct. | Rhome | Texas | 76078 |
| Arrivillaga | Joshua | 3988 Pebble Way | New Haven | Indiana | 46774 |
| Baker | Kerry | 2921 Lehman Road | Fort Wayne | Indiana | 46819 |
| Balverde | Carlos | 11156 Charnock Rd #2 | Los Angeles | California | 90034 |
| Barlow | Nicholas | 2809 Glencairn Dr. | Fort Wayne | Indiana | 46815 |
| Barnes | Arthur | 9820 S La Salle Ave | Los Angeles | California | 90047 |
| Barnes | Tyrone | 3527 Inwood Drive | Fort Wayne | Indiana | 46815 |
| Barnhart | Lois | 5229 Eastwick Drive | Fort Wayne | Indiana | 46815 |
| Barrett | John | 835 E. Lamar Blvd #282 | Arlington | Texas | 76011 |
| Barry | Ronald | 3712 Grayston Ave | Fort Wayne | Indiana | 46806 |
| Beahrs | Tyler | 4754 E 1100 N | Decatur | Indiana | 46733 |
| Beer | Steven | 302 E Market St | Bluffton | Indiana | 46714 |
| Behrens | Tony | 1605 Francis St. | Carrollton | Texas | 75006 |
| Bell | Leard | 11720 Spinning Ave | Hawthorne | California | 90250 |
| Berich | Brian | 335 Kinnard Ave | Fort Wayne | Indiana | 46807 |
| Berry | Mary | 2742 Sterling St | Fort Wayne | Indiana | 46808 |
| Billings | Brittany | 1503 Glenwood Ave | Fort Wayne | Indiana | 46805 |
| Birkenbeul | John | 801 Pasadena Drive | Fort Wayne | Indiana | 46807 |
| Bischoff | Jason | 603 Wheatridge Ct. | Ossian | Indiana | 46777 |
| Black | Linda | 4024 Wenonah Ln | Fort Wayne | Indiana | 46809 |

| Black | Ronnie | P.O. Box 454 | Roanoke | Indiana | 46783 |
|---|---|---|---|---|---|
| Blackburn | Adam | 524 Greent Street | New Haven | Indiana | 46774 |
| Bonnell | Nevin | 801 Oak Grove Road East | Burleson | Texas | 76028 |
| Booth | Anna | 2410 Cypresswood Trail #115 | Arlington | Texas | 76014 |
| Boroff | Julie | 1715 Wolfcale Road | Convoy | Ohio | 45832 |
| Bradfield | Debra | 9838 N. Gundy Rd. | Roanoke | Indiana | 46783 |
| Brazzini | Carlos | 3716 Dresage Lane | Flower Mound | Texas | 75022 |
| Brewer | Michael | 10731 Oakbriar Court | Fort Wayne | Indiana | 46845 |
| Brooks | Mandy | 9905 Acorn Lane | Fort Wayne | Indiana | 46835 |
| Brown | Barbara | 2103 Hamilton Rd. | Fort Wayne | Indiana | 46819 |
| Brown | Gwendolyn | 3612 S Monroe St | Fort Wayne | Indiana | 46806 |
| Bruce | Justin | 4118 Turf Lane | Fort Wayne | Indiana | 46804 |
| Bryant | Jerome | 11162 S Broadway Apt #1 | Los Angeles | California | 90061 |
| Bueno | Thomas | 11706 Belfair St | Norwalk | California | 90650 |
| Bullington | James | 325 Circleview Dr. North | Hurst | Texas | 76054 |
| Busche | Daniel | 6782 County Road 7575 | Fort Wayne | Indiana | 46788 |
| Butler | Judith | 6623 Monroeville Road | Hoagland | Indiana | 46745 |
| Buuck | Dane | 4825 Carroll Road | Fort Wayne | Indiana | 46818 |
| Byrd | Joyce | 1815 Bayview Drive | Fort Wayne | Indiana | 46815 |
| Cadwell | Joseph | 1536 Tulip Tree Rd. | Fort Wayne | Indiana | 46825 |
| Callahan | Anita | 301 E Cox Dr | Fort Wayne | Indiana | 46816 |
| Campbell | Leila | 1500 Bear Creek Parkway #1408 | Euless | Texas | 76039 |
| Canchola | Francisco | 800 Truman Circle | Reno | Texas | 76082 |
| Cannon | Barbara | 329 Oak Valley Lane | Springtown | Texas | 76082 |
| Cantu | Martin | 524 Bailey Street | Saginaw | Texas | 76179 |
| Carrillo | Jose G. | 10834 Kalmia St | Los Angeles | California | 90059 |
| Carter | Jackie | 9303 Greyhawk Drive | Fort Wayne | Indiana | 46835 |
| Chatmon | Terri | 2706 Palisade Dr | Fort Wayne | Indiana | 46806 |
| Chatmon | Phillip | 2706 Palisade Drive | Fort Wayne | Indiana | 46806 |
| Chou | Chian | 2407 Border Ave | Torrance | California | 90501 |
| Chowning | David | 1108 Lindstrom Dr | Ft Worth | Texas | 76131 |
| Christy | Richard | 2891 Sherwood Road SE | Smyrna | Georgia | 30082 |
| Church | Corrinna | 1516 Waldron Cir | Fort Wayne | Indiana | 46807 |
| Church | LeRoy | 1516 Waldron Circle | Fort Wayne | Indiana | 46807 |
| Churchill | Patti | 3933 Elmcrest Drive | Fort Wayne | Indiana | 46809 |
| Clark | Ebbie | 2305 Springfield Ave | Fort Wayne | Indiana | 46805 |
| Clay | Jakina | 6006 Turtle Creek | Fort Wayne | Indiana | 46816 |
| Clay | Montigue | PO Box 1242 | Hurst | Texas | 76053 |

| | | | | | |
|---|---|---|---|---|---|
| Clingerman | Tony | 4319 E 300 S | Columbia City | Indiana | 46725 |
| Cobb | Matthew | 1724 Abbey Ct. | New Haven | Indiana | 46774 |
| Coker | Alfred | 622 Queen St Apt #A | Inglewood | California | 90301 |
| Cole | Maggie | 4614 Willard Dr. | Fort Wayne | Indiana | 46815 |
| Cole | Jeffrey | 15821 Winchester Rd. | Fort Wayne | Indiana | 46819 |
| Coleman | Debra | 3009 Stardale Dr. | Fort Wayne | Indiana | 46816 |
| Colindres | Mario | 8030 Hazeltine Ave | Panorama City | California | 91402 |
| Comer | Trisha | 16222 Swank Street, PO Box 63 | Yoder | Indiana | 46798 |
| Cook | Jason | 4517 E. State Blvd. | Fort Wayne | Indiana | 46815 |
| Cotton | Steven | 3712 Grayston Ave | Fort Wayne | Indiana | 46806 |
| Counterman | Samuel | 10938 English Street | Hoagland | Indiana | 46745 |
| Cullors | Marcellus | 1605 W PCH #170 | Wilmington | California | 90744 |
| Cunningham | James | PO Box 380 | North Webster | Indiana | 46555 |
| Curiel | Gabriel | 609 1/2 West Anaheim St Apt 9 | Wilmington | California | 90744 |
| Current | Jacob | 384 Canal St | Roanoke | Indiana | 46783 |
| Dager | Lisa | 2114 Bayview Drive | Fort Wayne | Indiana | 46815 |
| Davis | Keith | 7234 Autumn View Drive | Fort Wayne | Indiana | 46816 |
| Davis | Charlie | 5846 Bunt St | Fort Wayne | Indiana | 46816 |
| Davis | Mark | 301 Cordova Drive | Allen | Texas | 75013 |
| DeLuna | Adan | 5332 Mars St. | Fort Wayne | Indiana | 46845 |
| Derkatsch | Hans | 919 W. Creighton Ave | Fort Wayne | Indiana | 46807 |
| Dinius | Ryanna | 57 E. 38th Street, Apt. 205 | Fort Wayne | Indiana | 46205 |
| Dixie | Aquasia | 4820 Winter Street | Fort Wayne | Indiana | 46806 |
| Dove | Christopher | 9301 Arundel Run | Fort Wayne | Indiana | 46835 |
| Dreibelbis | Brent | 707 N. Main St. | Churubusco | Indiana | 46723 |
| Drewery | Danielle | 309 W Hollis Lane | Fort Wayne | Indiana | 46807 |
| Dunaway | Marilyn | 1716 Cameron Ln | New Haven | Indiana | 46774 |
| Edgell | Corey | 6621 Casino Drive | Fort Wayne | Indiana | 46816 |
| Else | Harry | 706 West Cottage | Terrell | Texas | 75160 |
| Emley | Gregory | 1571 Canterbury Ct | Huntington | Indiana | 46750 |
| England | Gregory | 9966 N CR850W | Daleville | Indiana | 47334 |
| Estevez | Yanira | 316 East Maple Grove | Fort Wayne | Indiana | 46806 |
| Evero | Jackson | 13220 Cordary Ave., Apt 13 | Hawthorne | California | 90250 |
| Farooqi | Rizwana | 7605 England Drive | Plano | Texas | 75025 |
| Faus-Barradas | Debra | 7316 Hickory Crk Dr | Fort Wayne | Indiana | 46809 |
| Fernandez | Jose | 3407 W 110th St | Inglewood | California | 90303 |
| Fink | Gary | 2734 Otsego Dr. | Fort Wayne | Indiana | 46825 |

| Fischer | Jack | PO Box 47 | Uniondale | Indiana | 46791 |
|---|---|---|---|---|---|
| Flennery | Raymond | 1913 Kendawa Drive | Fort Wayne | Indiana | 46815 |
| Flores | Armandina | 2505 Wendigo Lane | Fort Wayne | Indiana | 46809 |
| Fogwell | Noel | 8121 Winters Road | Fort Wayne | Indiana | 46809 |
| Frankal | Linda | 862 North Mayfair Ave | Daly City | California | 94015 |
| Freeman | Phil | 615 Fry Street | Fort Wayne | Indiana | 46808-3321 |
| Freier | Scot | 14041 Firebush Lane | Haslet | Texas | 76052 |
| Fronning | Angelina | 375 Ralph McGill Blvd #107 | Atlanta | Georgia | 30312 |
| Fuerte | Alvaro | 962 W 47th St | Los Angeles | California | 90037 |
| Furnas | Phillip | 9911 Banbury Trail | Fort Wayne | Indiana | 46818 |
| Garbutt | Annabella | 4086 W 139th St A | Hawthorne | California | 90250 |
| Gates | Travis | 4658 Jason Drive | Fort Wayne | Indiana | 46835 |
| Gause | Andrea | 2220 W. Ludwig Rd. | Fort Wayne | Indiana | 46818 |
| Gentry | David | P.O. Box 12559 | Dallas | Texas | 75225 |
| Giese | Andrew | 7523 Mill Run Rd | Fort Wayne | Indiana | 46819 |
| Gilbert | Mark | 13 Benwell Place | Yoder | Indiana | 46798 |
| Godfrey | Christopher | 7270 Lakeridge Drive | Fort Wayne | Indiana | 46819-1924 |
| Goheen | Anthony | 3421 Ivy League Drive | Fort Wayne | Indiana | 46805 |
| Good | Jill | 540 Essex Place | Euless | Texas | 76039 |
| Goss | James | 7618 Gathings Drive | Fort Wayne | Indiana | 46816 |
| Grabowski | Mark | 13313 Illinois St/ PO Box 345 | Grabill | Indiana | 46741 |
| Grant | Elizabeth | 6749 John Street | Fort Wayne | Indiana | 46816 |
| Green | Debbie | 1109 Bannack Drive | Arlington | Texas | 76001 |
| Greenfield | Gary | 25891 Marella Dr | New Caney | Texas | 77357 |
| Gripp | Bryan | 1616 Gray Birch Rd | Fort Wayne | Indiana | 46808 |
| Haas | Steven | 505 1/2 Huffman Street | Fort Wayne | Indiana | 46808 |
| Hagadorn | Robert | 2402 North Wells Street | Fort Wayne | Indiana | 46808 |
| Haiflich | Robert | 1205 E-1100N | Roanoke | Indiana | 46783 |
| Hall | Jerome | 2109 N Dern | Los Angeles | California | 90059 |
| Hardy | Shayla | 6407 Roxanne Dr. | Fort Wayne | Indiana | 46816 |
| Harper | Ernest | 1504 Fisher St | Fort Wayne | Indiana | 46803 |
| Harper | Roy | PO Box 73 | Lake Dallas | Texas | 75065 |
| Harpster | Wayne | 15788 Street Rt 117 | Waynesfield | Ohio | 45896 |
| Harter | Andrew | 314 W. Suttonfield Street | Fort Wayne | Indiana | 46807 |
| Harvey | Gregory | 4620 Lafeyette St | Fort Wayne | Indiana | 46806 |
| Hawk | Glenn | 5316 E. U. S. 224 | Ossian | Indiana | 46777 |
| Hayes | Ralph | 9905 Kress Road | Roanoke | Indiana | 46783 |
| Helire | Donquwail | 2306 Otsego | Fort Wayne | Indiana | 46825 |

| Henley | Eric | 1649 Ponty Street | Los Angeles | California | 90046 |
|--------|------|-------------------|-------------|-----------|-------|
| Hensley | Ryan | 524 Santa Fe Trail #235 | Irving | Texas | 75063 |
| Herman | Matthew | 8016 Woodcreek Lane | Fort Wayne | Indiana | 46815 |
| Hernandez | Juan | 4593 W 137th Pl | Hawthorne | California | 90250 |
| Herrador | Hector | 14510 S Denver Ave | Gardena | California | 90248 |
| Herrera | Angelica | 13119 Roselle Ave, Apt 1 | Hawthorne | California | 90250 |
| Hicks | Gregg | 5132 Archwood Lane | Fort Wayne | Indiana | 46825 |
| Hill | Timothy | 7814 Amherst Dr | Fort Wayne | Indiana | 46819 |
| Hill | Vanessa | 5318 Werling Drive | Fort Wayne | Indiana | 46806 |
| Hills | Keith | 863 Sunshine Lane | Grapevine | Texas | 76051 |
| Hinen | Scott | 10904 Tonkel Rd | Fort Wayne | Indiana | 46845 |
| Hitzfield | Casey | 8509 Winters Road | Fort Wayne | Indiana | 46809 |
| Hodgdon | Charles | 120 E. Maplegrove Ave | Fort Wayne | Indiana | 46806 |
| Hoffman | Pamela | 5316 Farragut Dr. | Arlington | Texas | 76018 |
| Hollar | Robert | 220 Edridge Way | Catonsville | Maryland | 21228 |
| Hollis | Andre | 344 S. Cornell Circle | Fort Wayne | Indiana | 46807 |
| Hopkins | James | 5111 Devonshire Drive | Fort Wayne | Indiana | 46806 |
| Howard | Pamela | 3118 Elmdale Dr. | Fort Wayne | Indiana | 46816 |
| Howell | Michele | 1912 W 76th St | Los Angeles | California | 90047 |
| Huff | Thomas | 202 E Allen Hurst St | Los Angeles | California | 90061 |
| Hutson | Richard | 3226 Beaver Ave. | Fort Wayne | Indiana | 46807 |
| Ibarra | Cynthia | 1030 S Meyler St Apt #2 | San Pedro | California | 90731 |
| Jackson | Jennifer | P.O. Box 515 | Paradise | Texas | 76073 |
| Jackson | Johnny | 14036 Janwood Lane | Farmers Branch | Texas | 75234 |
| Jennings | Daniel | 6726 Ashbrook Drive | Fort Wayne | Indiana | 46835 |
| Jennings | Richard | 6726 Ashbrook Dr | Fort Wayne | Indiana | 46835 |
| Jensen | Gary | 237 Harper Ct | Keller | Texas | 76248 |
| Jimenez | Franklin | 14034 Yukon Ave Unit #5 | Hawthorne | California | 90250 |
| Johnson | Patrick | 7930 Beach St | Los Angeles | California | 90001 |
| Johnson | Cameron | 3536 Elmcrest Drive | Fort Wayne | Indiana | 46809 |
| Johnson | Michael | 4823 Northcrest Drive Apt A | Fort Wayne | Indiana | 46825 |
| Johnson | Chris | 3872 W  1200 N-90 | Roanoke | Indiana | 46783 |
| Jones | Daryce | 751 Candlelite Ct | Fort Wayne | Indiana | 46807 |
| Jones | Jeffrey | 3106 Ridgeway Dr. | Fort Wayne | Indiana | 46816 |
| Jones | Paul | 2717 Prestondale Dr. | Hurst | Texas | 76054 |
| Jordan | Stephen | 5919 Alcova Ln | Dallas | Texas | 75249 |
| Kaiser | Frank | 2313 Nautilus Cove | Fort Wayne | Indiana | 46814 |
| Kapeliela | Randell | 5145 Truemper Way #7 | Fort Wayne | Indiana | 46835 |
| Kearby | Brenda | 7728 Imperial Plaza | Fort Wayne | Indiana | 46835 |

| Kelley | Donna | 5314 N. Bend Drive | Fort Wayne | Indiana | 46804 |
|---|---|---|---|---|---|
| Kelly | Nancy | 9071 Woodcreek Drive | Ossian | Indiana | 46777 |
| Kelm | E. | 7505 Knightswood Dr | Fort Wayne | Indiana | 46819 |
| Kelsaw | Genita | 3733 Euclid Ave. | Fort Wayne | Indiana | 46806 |
| Kendall | Richard | 304 S. Jefferson Street | Ossian | Indiana | 46777 |
| Kennedy | Josh | 909 Upland Ridge Drive | Fort Wayne | Indiana | 46825 |
| Kill | Eric | 621 Marcelle Drive | Fort Wayne | Indiana | 46845 |
| Kim | Eun | 6208 Farmswood Drive Apt 1B | Fort Wayne | Indiana | 46804 |
| King | Maureen | 1616 Florida Dr | Fort Wayne | Indiana | 46805 |
| Kirschstein | Paul | 855 E. Ash Lane Apt 417 | Euless | Texas | 76039 |
| Kolkman | Chris | 15001 Mill Road lot 17 | Fort Wayne | Indiana | 46816 |
| Kolkman | Lisa | 4310 Buell Drive | Fort Wayne | Indiana | 46807 |
| Kolkman | William H. | 2612 S. Harrison St | Fort Wayne | Indiana | 46807 |
| Kolkman | William D. | 7318 Maeve Dr. | Fort Wayne | Indiana | 46835 |
| Koonce | Daniel | 1905 N Tyland Blvd | New Haven | Indiana | 46774 |
| Lamb | Cambrin | 5720 West Hills Road | Fort Wayne | Indiana | 46804 |
| Landeros | Alma | 11706 Coldbrook Ave Apt #2 | Downey | California | 90241 |
| Lapp | Timothy | 501 West Rudisill | Fort Wayne | Indiana | 46807 |
| Lasky | Mark | 200 Grandview St | Elmhurst | Illinois | 60126 |
| Lebinac | Ivan | 2150 Tremmel Avenue | Ann Arbor | Michigan | 46816 |
| Legg | William | 113 Indian Paint Drive | Justin | Texas | 76247 |
| Leija | Jorge | 18045 Cindy Lane | Justin | Texas | 76247 |
| Lemaitre | James | 3031 Winlock Rd | Torrance | California | 90505 |
| Leulu | Anthony | 2543 W 144 St | Gardena | California | 90249 |
| Lewis | Arnold | 520 Cedar Glen APT.#4 | Fort Wayne | Indiana | 46825 |
| Lewis | James | 1572 E 800 N | Ossian | Indiana | 46777 |
| Lewis | Jarrod | 710 Davis Rd. | Ossian | Indiana | 46777 |
| Lewis | Deaundra | 2715 Thompson Avenue | Fort Wayne | Indiana | 46807 |
| Lewis | Savanna | 101 Chrisren Cove | Yoder | Indiana | 46798 |
| Linnemeier-Covell | Barbara | 6212 Aragon Dr. | Fort Wayne | Indiana | 46818 |
| Lipp | Paula | 3912 Enola Ct | Fort Wayne | Indiana | 46809 |
| Lobsinger | Raymond | P.O. Box 488 | Justin | Texas | 76247 |
| Lockett | Keithen | 4062 Wayne TRCE | Fort Wayne | Indiana | 46806 |
| Long | James | 3101 Plum Tree Lane | Flower Mound | Texas | 75022 |
| Lopez | Dennis | 3402 Arbor Rd | Lakewood | California | 90712 |
| Lopez | Benjiman | 8045 N. MacArthur Blvd #3194 | Irving | Texas | 75063 |
| Love | Kathryn | 5040 Ann Hackley | Fort Wayne | Indiana | 46835 |
| Lowe | Inez | 2232 Cedar Ridge Cove | Fort Wayne | Indiana | 46818 |

| Maciel | Refugio | 403 E 57th St | Los Angeles | California | 90011 |
|---|---|---|---|---|---|
| Macke | Allison | 9327 Whitesand Ct. | Fort Wayne | Indiana | 46804 |
| Males | Kenneth | 3401 Lipan Hwy | Granbury | Texas | 76048 |
| Markhoff | Steven | 330 Las Colinas Blvd Apt #1520 | Irving | Texas | 75039 |
| Marquez | Robert | 12930 Edwards Rd | LaMirada | California | 90638 |
| Martin | Aldophus | PO Box 6657 | Fort Wayne | Indiana | 46896 |
| Martin | Luis | 1623 Smoketree Dr | El Centro | California | 92243 |
| Martin | Jack A. | 7216 Lake Ridge Dr | Fort Wayne | Indiana | 46819 |
| Martin | Clara | 2132 Othello Cove | Fort Wayne | Indiana | 46818 |
| Martin | Jack L. | 6816 Algarve Drive | Denton | Texas | 76210 |
| Mason | Keith | 1136 W. Fiat Street | Torrance | California | 90502 |
| Mattax | Ryan | 7621 E. Manitou Trail #92 | Roanoke | Indiana | 46783 |
| Mayes | Randy | 22236 Loch Lomond Dr | Canyon Lake | California | 92587 |
| Mayes | Robbie | 2739 Stardale Dr Apt #1 | Fort Wayne | Indiana | 46816 |
| Medford | James | 2036 County Road 313 S. | Henderson | Texas | 75654 |
| Mercado | Daniel | 1505 W Caldwell St | Compton | California | 90220 |
| Mertes | Anita L. | 707 Fairview Club Drive | Dacula | Georgia | 30019 |
| Mesa | Vincent | 10459 Artesia Blvd. #46C | Bellflower | California | 90706 |
| Meyers | Diana | 1930 Emerson Ave. | Fort Wayne | Indiana | 46808 |
| Michael-Adikhai | William | 120 E 135 Street | Los Angeles | California | 90061 |
| Miles | Calvin | 3232 Congress Ave. | Fort Wayne | Indiana | 46806 |
| Miller | Keith | 3036 Mapes Road | Kendallville | Indiana | 46755 |
| Miller | Brian | 2256 Brooklyn Abe | Fort Wayne | Indiana | 46802 |
| Miller | Dennis | 2419 W 1100N | Markle | Indiana | 46770 |
| Miller | Garry | 844 Woodlawn Ave. | Huntington | Indiana | 46750 |
| Minor | Rodger | 11831 Long Beach Blvd | Lynwood | California | 90262 |
| Miranda | Raymond | 5145 Truemper Way #7 | Fort Wayne | Indiana | 46835 |
| Montgomery | Derek | 8808 Kress Road | Fort Wayne | Indiana | 46806 |
| Moore | Jeffery | 4530 Anthony Street | Fort Wayne | Indiana | 46806 |
| Moore | Mark | 2701 Spring Street | Fort Wayne | Indiana | 46808 |
| Moore | Harold | 1921 Sierra Drive | Lewisville | Texas | 75077 |
| Moreno | Pedro | 3651 W 107th St | Ingelwood | California | 90303 |
| Morris | Amy | 712 Prestwick Square Drive | Fort Wayne | Indiana | 46816 |
| Morrison | Bryan | 824 Bimini Lane | Fort Wayne | Indiana | 46815 |
| Morrow | Brandon | 1801 Tecumseh St | Fort Wayne | Indiana | 46805 |
| Munoz | Veronica | 149 East Leith Street | Fort Wayne | Indiana | 46806 |
| Murfin | William | 653 Whisperview Cr | Granbury | Texas | 76049 |
| Murphy | Ellen | 1822 Tecumseh St. | Fort Wayne | Indiana | 46805 |

| Myers | Melanie | 1257 Rohm Drive | Auburn | Indiana | 46706 |
|---|---|---|---|---|---|
| Mysliwiec | Derek | 7283 Lake Ridge Drive | Fort Wayne | Indiana | 46819 |
| Nemzick | Jack | P. O. Box 1057 | Parumph | Nevada | 89041 |
| Neu | Cynthia | 2921 St. Louis Ave. | Fort Wayne | Indiana | 46809 |
| Nicolet | Joseph | 731 Bosuns Drive | Fort Wayne | Indiana | 46819 |
| Niemiec | Frank | PO Box 50259 | Fort Wayne | Indiana | 46805 |
| Nonnenmacher | Douglas | P.O. 12607 | Fort Wayne | Indiana | 46864 |
| Nord | Donald | 424 Lenox Avenue | Fort Wayne | Indiana | 46807 |
| Nunez | Martha | 814 East Grand Ave Apt 5 | El Segundo | California | 90245 |
| Nunez-Cervantes | Martin | 814 East Grand Avenue Apt 5 | El Segundo | California | 90245 |
| Nusbaum | Blaine | 1811 Forest Valley Drive | Fort Wayne | Indiana | 46815 |
| Olry | Veronica | 1821 N. Anthony | Fort Wayne | Indiana | 46805 |
| Ortiz | Felix | 7624 Breckenwood Dr. | Fort Wayne | Indiana | 46819 |
| Palma | Edwin | 12035 Molette St | Norwalk | California | 90650 |
| Parhm | La'quaylin | P O Box 13642 | Birmingham | Alabama | 35202 |
| Park | Deborah | 616 Fifth Street | Fort Wayne | Indiana | 46808 |
| Patterson | Robert | P.O. Box 6061 | Fort Wayne | Indiana | 46896 |
| Pence | James | 8679 E. 150 N. | Churubusco | Indiana | 46723 |
| Peyton | Alan | 8160 Confederate Park Rd | Azle | Texas | 76020 |
| Pierce | Walter | 339 Olivet Haven Rd | Greeneville | TN | 37743 |
| Plummer | Shane | 2141 S. State Rd. #301 | Bluffton | Indiana | 46714 |
| Ponce | Ramiro | 343 W 76th St | Los Angeles | California | 90003 |
| Poorman | Lance | 4509 Sandpoint Rd | Fort Wayne | Indiana | 46809 |
| Porter | David | 2446 Smith St | Fort Wayne | Indiana | 46803 |
| Powell | Na'Wob | 1707 Black Bear Drive | Fort Wayne | Indiana | 46808 |
| Price | Billy | 1260 F.M. 371 | Gainesville | Texas | 76240 |
| Prier | Scott | 11760 Kenny Drive | Keller | Texas | 76248 |
| Proulx | Debbie | 601 East 1100 North | Roanoke | Indiana | 46783 |
| Pyle | Steven | 8208 Minnich Rd. | Fort Wayne | Indiana | 46816 |
| Rafter | Kevin | 1833 Wagoner Ct | Fort Wayne | Indiana | 46804 |
| Rahn | Christopher | 6806 Sullivans Ct. | Fort Wayne | Indiana | 46835 |
| Ramirez | Jose | 15846 Kingside Dr | Covina | California | 91722 |
| Ramos | Ulises | 15605 1/2 Grevillea Ave | Lawndale | California | 90260 |
| Ratliff | Bryan | 13612 Wilkie Ave | Gardena | California | 90249 |
| Ray | George | 1404 Dodge Ave. | Fort Wayne | Indiana | 46805 |
| Reed | Alex | 403 West South Street | Monroeville | Indiana | 46773 |
| Reeve | Randall | 409 1/2 West Wabash St | Bluffton | Indiana | 46714 |
| Reinhart | Dustin | 709 N. 11th St | Decatur | Indiana | 46733 |
| Reis | Kristen | 5108 W 142nd St | Hawthorne | California | 90250 |

| Rich | Jack | 9981 Stonehurst Ave. | Sun Valley | California | 91352 |
|------|------|---------------------|------------|-----------|-------|
| Richardson | Carrie | 6551 H Lively Rd | Ponder | Texas | 76259 |
| Riley | Evan | 3615 Mayapple Drive | Fort Wayne | Indiana | 46818 |
| Robbins | Michael | 332 Brixton Woods E. Drive | Pittsboro | Indiana | 46167 |
| Rodriguez | Sandra | 4222 Compton Ave. | Los Angeles | California | 90011 |
| Rodriguez | Carlos | 7419 Hooper Ave. | Los Angeles | California | 90001 |
| Rogers | Sean | 2529 John St. | Fort Wayne | Indiana | 46803 |
| Rogers | Wayne | 8218 Buttermore Run | Fort Wayne | Indiana | 46804 |
| Rogers | Terry | 4114 Brookmoor Dr. | Arlington | Texas | 76016 |
| Roth | James | 2034 Legoma Dr. | Fort Wayne | Indiana | 46819 |
| Ruiz | Eddie | 4543 W 147th St | Lawndale | California | 90260 |
| Ruiz | Enix | 4547 Craftsbury Circle | Fort Wayne | Indiana | 46818 |
| Sack | Graehm | 201 W. Creighton Ave | Fort Wayne | Indiana | 46807 |
| Santos | Dorbin | P.O. Box 1182 | Artesia | California | 90702 |
| Sayler | Gregg | P.O. Box 1208 | Greeneville | Tennessee | 37744 |
| Schario | Michael | 210 A Tee Off | Horse Shoe Bay | Texas | 78611 |
| Schwartz | Donald | 314 Lillian Ave. | Fort Wayne | Indiana | 46808 |
| Shanks | Jesse | 2111 Oakwood Lane | Arlington | Texas | 76012 |
| Shannon | Michelle | 9124 Brinson Drive | Keller | Texas | 76248 |
| Shearer | Kyle | 12726 Indiana Street | Grabill | Indiana | 46741 |
| Sheleski | Michael | 1822 Tecumseh St. | Fort Wayne | Indiana | 46805 |
| Sheley | Shannon | 2577 W. 100 S. | Huntington | Indiana | 46750 |
| Shelton | Anthony | 18608 Monroeville Road | Monroeville | Indiana | 46773-9587 |
| Sherman | Daniel | 8302 Park State Dr | Fort Wayne | Indiana | 46815 |
| Shifflett | Jack | 809 Taylor St | Fort Wayne | Indiana | 46802 |
| Shipbaugh | Jeffery | 4120 Harris Meadows Place | Fort Wayne | Indiana | 46808 |
| Sizemore | Brandon | 2502 Weisser Park | Fort Wayne | Indiana | 46803 |
| Skaggs | Mark | 961 Pine Ridge Way | Brownsburg | Indiana | 46112-8179 |
| Skibinski | Bruce | 1825 Donegal Dr | Fort Wayne | Indiana | 46815 |
| Sleet | Frederick | 2533 Palisade Dr | Fort Wayne | Indiana | 46806 |
| Smith | Harold | 5882 S. 600 W | Huntington | Indiana | 46750 |
| Smith | Ella | 7261 Lakeridge Drive | Fort Wayne | Indiana | 46819 |
| Snodgrass | Michael | 800 Saddleback | Flower Mound | Texas | 75028 |
| Snyder | Gary | 2531 Reed Road | Fort Wayne | Indiana | 46815 |
| Sorg | Rosalie | P. O. Box 9714 | Fort Wayne | Indiana | 46899 |
| Sorg | Steven | 5817 Whitney Ave. | Fort Wayne | Indiana | 46809 |

| Soto | Manuel | 2627 Parnell Ave | Fort Wayne | Indiana | 46805 |
|------|--------|-----------------|------------|---------|-------|
| Sounthapanya | Lamphet | 6917 Marvin Brown St | Fort Worth | Texas | 76179 |
| Sowah | Jerry | 4901 W 120th St #3 | Hawthorne | California | 90250 |
| Sowles | Terry | 2106 Ontario St | Fort Wayne | Indiana | 46802 |
| Spaulding | Justin | 20828 Alliger Road #35 | Monroeville | Indiana | 46773 |
| Sperry | James | 5512 Costa Mesa Dr. | Fort Worth | Texas | 76248 |
| Spick | Glenn | 3939 N Clinton St Lot 5 | Fort Wayne | Indiana | 46805 |
| Starks | Takiyah | 4340 Reed Street | Fort Wayne | Indiana | 46806 |
| Stockwell | Jennifer | 1977 Calvert Circle | Greenwood | Indiana | 46143 |
| Stone | Craig | 2803 Harlan Drive | Mesquite | Texas | 75150 |
| Stouder | Debra | 2702 Canbury Dr | Fort Wayne | Indiana | 46808 |
| Stoyas | Mark | 1047 Cheswick Dr. | Gurnee | Illinois | 60031 |
| Strebig | Jennifer | 5110 Exeter Drive | Fort Wayne | Indiana | 46815 |
| Strong | Tiffany | 22668 Blue Elder Terrace #201 | Ashburn | Virginia | 20148 |
| Stucker | Nicole | 6810 Heatherton Drive | Fort Wayne | Indiana | 46819-1412 |
| Sturlin | Matthew | 400 Hidden Trail Ct | Burleson | Texas | 76028 |
| Surine | Sarah | 7814 Amherst Dr. | Fort Wayne | Indiana | 46819 |
| Suzuki | Louise | 3621 Frankford Rd Apt 723 | Dallas | Texas | 75287 |
| Swope | David | 6715 Ramblewood Dr Apt E | Fort Wayne | Indiana | 46835 |
| Tana | Dan | 7187 Syl Box | Victorville | California | 92392 |
| Thomas | Valiyakalayil | 1437 Van Winkle | Carrollton | Texas | 75007 |
| Thoms | David | 504 Three Rivers N. | Fort Wayne | Indiana | 46802 |
| Toscano | Sally | 403 1/2 E 220th St | Carson | California | 90745 |
| Tucker | Brandon | 2918 W. Scott St., PO Box 404 | Zanesville | Indiana | 46799 |
| Tucker | Timothy | P.O. Box 404 | Zanesville | Indiana | 46799 |
| Turner | Grace | 5607 W. 39 Street | Amarillo | Texas | 79109 |
| Updike | Michael | 5330 Goshen Rd. Lot 235 | Fort Wayne | Indiana | 46818 |
| Vachon | Andrew | 6162 E 500N | Craigville | Indiana | 46731 |
| Velasquez | Maynor | 11912 Montague Ave | Bakersfield | California | 93312 |
| Vincent | Elaine | 2456 Sweetwood Dr | Fort Worth | Texas | 76131 |
| Vining | Bryan | 1416 Saint Gallen | Lewisville | Texas | 75067 |
| Voigt | Renee | 8715 Hempford Drive | Fort Wayne | Indiana | 46819 |
| Wallace | James | 3207 Buckeye Run | Fort Wayne | Indiana | 46814 |
| Ward | Jonathan | 1422 Stophlet St. | Fort Wayne | Indiana | 46802 |
| Waterman | Vicki | 7420 Beaty Ave | Fort Wayne | Indiana | 46809 |
| Wateska | Richard | 1104 S Pine St | Grapevine | Texas | 76051 |
| Weiss | Brandon | 11548 N. Meridian Rd | Ossian | Indiana | 46777 |
| Wendt | Francis | 2654 Jefferson St | Long Beach | California | 90810 |
| Westfield | Sophia | 4811 Weisser Park | Fort Wayne | Indiana | 46806 |

| | | | | | |
|---|---|---|---|---|---|
| Whitacre | Jerry | 165 Jackson Street PO Box 17 | Andrews | Indiana | 46702 |
| White | Carla | 2527 Lincolndale Ave | Fort Wayne | Indiana | 46808 |
| Whiteside | Ronald | 9617 Crown Point Dr. | Fort Wayne | Indiana | 46804 |
| Wilkerson | Anthony | 18788 Marsh Lane #812 | Dallas | Texas | 75287 |
| Williams | Tocarra | 3305 S Hanna Street | Fort Wayne | Indiana | 46806 |
| Wills | Emmett | 502 Althea  Dr | Wylie | Texas | 75098 |
| Winchester | Amber | 3741 Inwood Drive | Fort Wayne | Indiana | 46806 |
| Winder | Clarence | 2728 S. Anthony | Fort Wayne | Indiana | 46806 |
| Winston | Rosalind | 6331 Roxanne Dr. | Fort Wayne | Indiana | 46816 |
| Wolfe | Ryan | 2155 Bayview Dr. | Fort Wayne | Indiana | 46815-4227 |
| Wydrzynski | Raymond | 11110 Lone Eagle Ct | Fort Wayne | Indiana | 46845 |
| Wynn | Bradley | 11518 Hamilton Road | Roanoke | Indiana | 46783 |
| Yurillo | Christopher | 4609 Tanque Drive | Fort Worth | Texas | 76137 |
| Zaher | Naser | PO Box 6753 | Arlington | Texas | 76005 |
| Zollinger | Matthew | 805 Bosuns Drive | Fort Wayne | Indiana | 46819-2640 |
| Zook | Larry | 11692 S 300 West 90, PO Box 56 | Montpelier | Indiana | 47359 |

**Exhibit 2**

| | |
|---|---|
| In re:<br><br>KITTY HAWK, INC. et al.,<br><br>        Debtors.<br><br><br>MICHAEL UPDIKE and DORBIN SANTOS on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs.<br>v.<br><br>KITTY HAWK CARGO, INC., KITTY HAWK, INC., KITTY HAWK GROUND, INC., and KITTY HAWK AIRCARGO, INC,<br><br>        Defendants. | Chapter 11<br><br>Bankruptcy No. 07-44536<br><br>Adv. Pro. No. 07-04179 |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND DATE AND TIME OF FAIRNESS HEARING, RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT, INCLUDING CLASS COUNSEL'S ATTORNEYS' FEES

**TO: FORMER TERMINATED EMPLOYEES OF Kitty Hawk Cargo, Inc., Kitty Hawk Inc., Kitty Hawk Ground, Inc., and Kitty Hawk Aircargo, Inc.**

There is currently pending before the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") a lawsuit entitled *Michael Updike and Dorbin Santos on Behalf of Themselves and All Others Similarly Situated, vs. Kitty Hawk Cargo, Inc., Kitty Hawk, Inc., Kitty Hawk Ground, Inc, and Kitty Hawk Aircargo, Inc*, Adversary Proceeding No. 07-04179 (RFN) (the "Action"). The parties to this Action have reached a proposed settlement ("Settlement") under which, among other things, benefits would be provided to the Class Members, the Class Representatives and Class Counsel (each defined below). The Bankruptcy

Court has authorized this Notice. Review it carefully as your rights may be affected by the proposed Settlement.

## SUMMARY OF THE CLASS

The members of this Class are the former employees of Kitty Hawk (and its related companies, who together are the "Defendants") who were terminated on, or during the thirty (30) day period surrounding October 29, 2007, and thereafter ("Class Members").

Michael Updike and Dorbin Santos, (the "Class Representatives") are former employees of Defendants and brought this Class Action on behalf of the Class Members.

## DESCRIPTION OF THE ACTION

On October 15th, 2007, Defendants filed a petition with the Bankruptcy Court for relief under Chapter 11 of the Bankruptcy Code.

On October 29, 2007, Defendants began winding down their business operations.

On or about November 29, 2007, the Class Representatives, on behalf of themselves and other similarly situated former employees, filed their Class Action Adversary Proceeding Complaint (the "Complaint") with the Bankruptcy Court commencing the Action, alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. and the California WARN Act, Cal. Labor Code, § 1400 et. seq. (collectively "the WARN Acts"), seeking damages on behalf of certain former employees of Defendants (the "Action").

In the Action, the Class Representatives seek to recover sixty (60) days pay and ERISA benefits for themselves and each of the other similarly situated salaried employees who were terminated without cause at any time within the thirty day period surrounding October 29, 2007, and thereafter.

Defendants have denied any liability in the Action. Among other things, Defendants contend that they were excused from providing advance written notice of the cessation of their

operations because they were actively seeking financing or business, which, if obtained, would have avoided or postponed the shutdown, or that the plant closings were the result of unforeseeable business circumstances and, therefore, not subject to the WARN Act's notice requirements. Defendants also deny that they were a "single employer."

## CLASS CERTIFICATION AND APPOINTMENT OF
## CLASS REPRESENTATIVES

On July 22, 2008, the Court entered an order certifying this case as a Class Action "comprised of the Plaintiffs and the other former employees of Defendants who were terminated on/or about October 29, 2007 from the facilities of Defendants at which 50 or more employees, excluding part time employees as defined by the WARN Act, were terminated (the "Facilities") or as the reasonably foreseeable consequence of the closure of the Facilities." Pursuant to the Court's July 22, 2008 Order, Notice of the Class Action was mailed to the address of each putative Class Member shown in Defendants records (or as updated by Class Counsel), which notice informed them that they could opt-out of the Class and that all Class Members would be bound by a court approved settlement. One (1) putative Class Member opted-out of the class.

On July 22, 2008, the Court appointed Plaintiffs Michael Updike and Dorbin Santos as Class Representatives.

## COUNSEL TO THE PARTIES

On July 22, 2008, the Court entered an order appointing Outten & Golden LLP and Forshey and Prostok LLP as Class Counsel ("Class Counsel"). Any questions you may have concerning the proposed settlement should be directed to René S. Roupinian of Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, NY 10016, by telephone at (212) 245-1000, or by fax to her attention at (212) 977-4005, or by email to rroupinian@outtengolden.com.

Defendants' counsel is Jason Brookner, Monica S. Blacker and Anju Uchima of Andrews

Kurth LLP; 1717 Main Street, Suite 3700; Dallas, Texas 75201.

Questions concerning the proposed Settlement should **not** be directed to counsel for the Defendants.

### THE PROPOSED SETTLEMENT

The proposed Settlement is set out in the Settlement Agreement (the "Agreement"). The following description of the proposed Settlement is only a summary and is qualified in its entirety by the terms of the proposed Settlement set forth in the Agreement, and any inconsistency shall be governed by the terms of the Agreement. You may request the complete text of the Agreement from René S. Roupinian of Outten & Golden LLP by using the contact information set forth above.

The principal terms of the proposed Settlement can be summarized as follows:

- The total Settlement is $1.4 million.

- The Settlement shall be paid on the following schedule: 1) $850,000 shall be paid upon final approval of the Settlement, and 2) the balance of $550,000 shall be paid from the net preference action proceeds as first dollars to the WARN class.

- From the Settlement Proceeds, the Class Representatives will each receive $10,000 as compensation for their services in bringing the Class Action on behalf of the Class Members.

- The remaining balance of the Settlement Proceeds will be divided on a pro rata basis among the Class Members (after deducting each Class Member's share of attorneys' fees and applicable taxes). Distributions to the Class Members shall be made by the Debtors.

The proposed Settlement will be presented to the Bankruptcy Court for final approval at a Fairness Hearing to be held on _____ at __:__ .m. in Courtroom ___ of the United States Bankruptcy Court for the Northern District of Texas, 501 West Tenth Street, Room 204, Fort Worth, Texas 76102. The Court will, at that time, decide whether the Settlement is fair, reasonable and adequate to the Class Members and whether the request of Class Counsel for attorneys' fees of one-third of the settlement amount should be approved

You, and every other Class Member, have the right, if you so choose, to object to the Settlement, including the Class Counsel's request for attorneys' expenses and fees, and you also have the right to appear in person or by counsel at the Fairness Hearing and be heard.

## **OBJECTIONS**

If you support the Settlement and do not wish to object, you do not need to do anything at this time.

If you believe the proposed Settlement is unfair or otherwise wish to object to the proposed Settlement, including Class Counsel's request for attorneys' fees, you must do so by mailing a written statement bearing the caption of this case that appears on the first page of this notice setting forth the reason(s) for your objection to the Clerk of the Court (the "Clerk"), United States Bankruptcy Court for the Northern District of Texas, 501 West Tenth Street, Fort Worth, Texas 76102, and sending copies to (1) Class Counsel, Outten & Golden LLP, 3 Park Ave, 29th Floor, New York, NY 10016, Attn: René S. Roupinian; and (2) Counsel for Defendants Andrews Kurth LLP; 1717 Main Street, Suite 3700; Dallas, Texas 75201, Attn: Jason Brookner. Objections must be **RECEIVED** by the Clerk and Class Counsel no later than _____, and must include the case name and number, your name, address and telephone number together with the basis for your objection. You or your counsel must also appear at the Fairness Hearing when the Court considers your objections and final approval of

the Settlement.

You also have the right, but are not required, to retain counsel to appear for you, to object on your behalf and be heard at the Fairness Hearing at which the Court will consider whether to finally approve the Settlement.

If you elect to engage counsel, your counsel must file an appearance with the Court no later than _____ and at that time also file a statement setting forth any objections on your behalf. Copies of the appearance and the objection must be mailed at the same time to (1) Class Counsel, Outten & Golden LLP, 3 Park Ave, 29th Floor, New York, NY 10016, Attn: René S. Roupinian, and (2) Counsel for Defendants Andrews Kurth LLP; 1717 Main Street, Suite 3700; Dallas, Texas 75201, Attn: Jason Brookner.

## BINDING NATURE OF THE SETTLEMENT

Whether or not you object, if the Court approves the Settlement at the Fairness Hearing, the Settlement will be binding on all Class Members including those for whom current addresses have not been obtained.

Whether or not you object, if the Court approves the Settlement, all Class Members will forfeit the right to assert any claims against Defendants under the WARN Act in relation to their layoff by Kitty Hawk.

## OTHER INFORMATION

Providing you with this Notice does not mean that the Court has any opinion as to the claims or defenses of the parties.

Requests for more information should be made by phone, email or first class mail to Class Counsel as identified above.

If you have any questions, please do not write to or call the Court or counsel for

Defendants.

# Exhibit 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>KITTY HAWK, INC. et al.,<br><br>                Debtors.<br><br><br>MICHAEL UPDIKE and DORBIN SANTOS on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs.<br>v.<br><br>KITTY HAWK CARGO, INC., KITTY HAWK, INC., KITTY HAWK GROUND, INC., and KITTY HAWK AIRCARGO, INC,<br><br>                Defendants. | Chapter 11<br><br>Bankruptcy No. 07-44536<br><br>Adv. Pro. No. 07-04179 |

## ORDER
### (I) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT RESOLVING WARN ACT CLAIMS; (II) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE PROPOSED SETTLEMENT; (III) SCHEDULING A FINAL FAIRNESS HEARING FOR APPROVAL OF THE SETTLEMENT; AND (IV) AN ORDER FINALLY APPROVING THE SETTLEMENT INCLUDING CLASS COUNSEL'S <u>REQUEST FOR FEES FOLLOWING THE FAIRNESS HEARING</u>

Upon the *Joint Motion for (A) an Order (I) Preliminarily Approving Settlement*

*Agreement Resolving WARN Act Claims; (II) Approving the Form and Manner of Notice*

*to Class Members of the Proposed Settlement; and (III) Scheduling a Final Fairness Hearing for Approval of the Settlement; and (B) An Order Finally Approving the Settlement Including Class Counsel's Request for Fees Following the Fairness Hearing* (the "Motion") submitted by the Plaintiffs[1] and the Debtors; and the Court having considered the Motion, the arguments of counsel and any opposition thereto; and the Court having found that proper notice of the Motion has been given and that no other future notice is required, except as set forth herein; and that the relief requested in the Motion is appropriate to resolve the significant and complex issues raised by this litigation and to avoid the burden, uncertainty, delay, expense and distraction of litigation, the Court hereby finds as follows:

A class was previously certified comprised of the individuals identified in Exhibit "A" to the Settlement Agreement (the "Class Members") and the best notice practicable under the circumstances was previously given to the Class Members of such class certification and their right to opt-out and that Class Members who did not opt-out would be bound by any Court approved settlement of the action.

Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

The Settlement Agreement annexed to the Joint Motion as Exhibit 1 should be preliminarily approved.

Individual notice to all individuals identified in Exhibit "A" to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated in

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

the Debtors' records (and as updated by Class Counsel's searches for current addresses) is reasonable and the best notice practicable under the circumstances and such mailing should be made by Class Counsel within fourteen (14) days following the entry of this Order.

The contents of the Notice of Proposed Class Settlement (the "Notice") annexed to the Joint Motion as Exhibit 2 meets the requirements of Fed. R. Civ. P. 23(3)(e)(B). The Notice states the nature of the action, and the issues and defenses. The Notice also states that the Settlement Agreement, if approved, will be binding on all Class Members. The Notice also summarizes the terms of the Settlement Agreement, the right of each Class Member to object to the Settlement Agreement, the right of each Class Member to appear by counsel at the Fairness Hearing, and the fact that more information is available upon request from Class Counsel. Further, the Notice informs the Class Members that the Settlement Agreement provides for the award of attorneys' fees to Class Counsel of one-third of the settlement amount. See Fed. R. Civ. P. 23(h).

A hearing on the final approval of the Settlement should be held not sooner than fifty (50) days after the entry of this Order so that Class Members will have not less than thirty (30) days from such mailing to secure further information regarding the relief sought by the Parties' Joint Motion, to object to the proposed settlement should they choose to do so, and to engage counsel to appear at the Fairness Hearing.

Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED.

2. The Settlement Agreement is hereby preliminarily approved.

3. The form of the Notice and the service of the Notice by Class Counsel by first class mail, postage prepaid, to each individual identified in Exhibit "A" to the Settlement Agreement at his or her last known address contained in the Defendants' records (as updated by Class Counsel's searches for current addresses) is hereby approved.

4. The Notice shall be mailed by Class Counsel to the individuals identified in Exhibit "A" to the Settlement Agreement within fourteen (14) days following the entry of this Order.

5. The Court shall conduct a hearing for final consideration and approval of the Settlement Agreement ("Fairness Hearing") on _____, 2009 at _____.m. Objections or other responses to the Settlement Agreement are to be filed with the Court and mailed to counsel to the parties by no later than five (5) days before the Fairness Hearing.

AND IT IS SO ORDERED.


**# # # END OF ORDER # # #**

**Exhibit 4**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

In re:

KITTY HAWK, INC. et al.,

Debtors.

MICHAEL UPDIKE and DORBIN SANTOS on behalf of themselves and all others similarly situated,

Plaintiffs.

v.

KITTY HAWK CARGO, INC., KITTY HAWK, INC., KITTY HAWK GROUND, INC., and KITTY HAWK AIRCARGO, INC,

Defendants.

Chapter 11

Bankruptcy No. 07-44536

Adv. Pro. No. 07-04179

## [PROPOSED] ORDER OF FINAL APPROVAL OF SETTLEMENT AGREEMENT RESOLVING WARN ACT CLAIMS AND APPROVING CLASS COUNSEL'S REQUEST FOR ATTORNEYS' FEES

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2009, on the application of the parties for approval of the settlement (the "Settlement") and pursuant to the Notice approved by this Court on _____, 2009 (the "Notice"); and

Class Counsel having filed on _____, 2009 an Affidavit of Service of Notice of Proposed Settlement of Class Action, mailed postage prepaid to all Class Members, addressed to their last known address contained in the records of the Debtors, confirming that all Class Members were timely served with the Notice in accordance with the Order Preliminarily Approving the Stipulation of Settlement, and that [   ] written objections

were received; and

A fairness hearing having been held on _____, 2009 at which [no objections were raised] or [at which all objections were overruled];

Due and adequate notice having been given to the Class Members as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Settlement, and all terms used herein shall have the same meanings set forth in the Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7023, this Court has previously certified a Class.

4. Pursuant to Fed. R. Civ. P. 23 and Bankruptcy Rule 7023, this Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Class Members.

5. The Action and all claims contained therein are dismissed with prejudice as to the Class Representatives, other Class Members and as against the Defendants. The Parties are to bear their own costs.

6. The Court finds that the Settlement is fair, just, reasonable and adequate as to each of the Parties, and that the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

7.     The Notice approved by this Court on ___, 2009, was the best notice practicable under the circumstances. The Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and the Notice fully satisfied the requirements of Fed. R. Civ. P. 23 and Bankruptcy Rule 7023 and the requirements of due process.

8.     Class Counsel, Outten & Golden LLP, is hereby awarded attorneys' fees of $_____.

9.     No other fees, costs or expenses may be awarded to Outten & Golden LLP in connection with the Action or any related action. The Fees and Expenses shall be paid to Outten & Golden LLP in accordance with the terms of the Settlement.

10.    The Court finds that no just reason exists for delay in entering final judgment in accordance with the Settlement.  Accordingly, the Clerk is hereby directed to enter this Order forthwith.

Dated: _____, 2009

SO ORDERED:

                              BY THE COURT:


                              _____
                              United States Bankruptcy Court Judge